THE NATIONAL BROADWAY BANK, APPELLANT, VS. JOHN T. LESLEY, APPELLEE.

By the common law, as modified by the Statute of Henry IV, Chapter 7, a plaintiff had the right to a voluntary non-suit at any time before verdict rendered, but under Section 103, McClellan's Digest, page 835, the plaintiff will be barred of such right unless he avail himself of it before the jury retire from the bar. If the plaintiff apply for non-suit before the jury retire from the bar, it will be error to refuse it.

Appeal from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion.

*Barron Phillips*, for Appellant.

National Broadway Bank v. John T. Lesley.—Opinion of Court.

*Macfarlane & Pettingill*, for Appellee.

MABRY, J.:

The appellant, the National Broadway Bank, of the city of New York, a corporation, sued John T. Lesley on a promissory note executed by him to the Apalachicola Lumber Company, and alleged to have been endorsed before maturity by said company to appellant. Pleas were filed, upon which issues were joined, and the record shows a regular trial thereon before a jury, resulting in a verdict and judgment for the defendant below.

After the evidence on both sides had been closed and the jury charged, but before they retired from the bar, the plaintiff below moved the court for a non-suit, which was denied, and this ruling of the court was duly excepted to.

There are two kinds of non-suits mentioned in legal proceedings; one is voluntary, the other involuntary. The rule of practice arising in the case before us relates solely to a voluntary non-suit, and nothing need be said about the practice in cases of involuntary non-suits.

We remark further that the pleas in the present case involve no question of set-off, and the single point presented is, has a plaintiff the right to a voluntary non suit, and if so, at what stage of the proceedings can he avail himself of that right?

At common law, before the Statute of 2 Henry IV, Chapter 7, a plaintiff had a right to be non-suited at

any stage of the proceedings he might prefer, and this right continued to the last moment of the trial, even till after verdict rendered, or, where the case was tried before the court without the intervention of a jury, until the judge had pronounced his decision. Outhwaite vs. Hudson, 7 Exch. (Welsby, H. & G.), 380; Robinson vs. Lawrence, *Ibid*, 123; Keat vs. Barker, 5 Modern, 208; 7 Bac. Abr., D., page 219. By the Statute of 2 Henry, *supra*, the right of the plaintiff to a non-suit was taken away after verdict, but under this statute this right existed at any time before verdict rendered, and it seems in some cases even after verdict rendered. Bac. Abr., *supra*.

There are American decisions that do not follow the common law rule as modified by the Statute of 2 Henry, but hold that before opening his case a plaintiff can insist on a non-suit as a matter of right, but after opening his case to the jury, and before verdict, his right to a non-suit rests in the discretion of the court, and after verdict there can be no non-suit. The courts of Massachusetts, New Hampshire and Maine take this view, and in the case of Washburn vs. Allen, 77 Maine, 344, will be found a clear and full statement of the common law rule and the modifications of it as held by these courts.

There is merit in the rule just stated, because as the plaintiff may sue again on the same cause of action after taking a non-suit, he may exercise this right vexatiously. The courts that adopt it do not, however, deny the common law rule as we have stated it above,

but insist that the modification which they have made is more consistent with a just and fair administration of law. The common law is in force in this State, unless changed by legislative enactment. We have a statute passed in 1828 (Sec. 103 McClellan's Digest, page 835) which provides that "every person desirous of suffering a non-suit on trial shall be barred therefrom, unless he do so before the jury retire from the bar." This statute does not abridge the common law right to a non-suit, further than to limit the time for its exercise to a period before the jury retire from the bar.

In passing upon a statute in the identical words of ours, Mr. Justice Breese said in the opinion rendered in the case of Gordon vs. Goodell, 34 Ill., 429 : "By implication, most clearly, a plaintiff has a right to suffer a non-suit on the trial, if he makes his motion in time." *Vide* also Vol. 16 Am. & Eng. Ency. of Law, title Non-suit, page 723, and authorities cited.

The plaintiff in the case before us clearly had a right to a non-suit, and the court erred in refusing his motion.

There is nothing in the bill of exceptions to show upon what evidence the court based its action in re-taxing the costs as to the amount allowed the witness Howland. The record shows a cost bill taxed by the clerk, a motion to have the costs re-taxed, and the order of the judge directing the clerk as to the amount to be allowed this witness. It appears that Mr. Howland was examined as a witness in the case, but when or where he was summoned as a witness, or how many

days he attended court, is not shown. In fact we do not know from the bill of exceptions what evidence was before the court on the motion to retax the costs, but as the order of the court in reference to their taxation must fall within the reversal of the judgment entered in this case, further proceedings may be had in reference to this matter.

For the refusal of the court to grant plaintiff below a non-suit, the judgment is reversed, with directions that such order be entered.

Ordered accordingly.