WEST COAST FRUIT COMPANY, *Plaintiff in Error*, v. W. L. HACKNEY, *Defendant in Error*.

Division A.

Opinion filed August 1, 1929.

*Zetrour & Ware* and *Kelly & Casler*, for Plaintiff in Error;

*J. C. Davant*, for Defendant in Error.

BROWN, J.—Plaintiff in error brought suit against defendant in error for damages for the alleged breach of a contract of sale of a crop of oranges and grapefruit. After demurrer to the declaration was overruled, the defendant interposed several pleas, among them a plea of the general issue and one of set-off. On the trial, after plaintiff had offered his evidence, defendant moved for an instructed verdict in favor of the defendant on the ground of variance between the pleading and proof, in that the declaration alleged a contract to sell the entire crop of oranges and grapefruit, whereas the proof showed a contract to sell only the "merchantable" fruit. The court intimated that it would grant the motion. Plaintiff then asked leave of the court to amend its declaration by interlining the word "merchantable" at the proper place, so as to make the pleading and evidence correspond. This motion was denied. Thereupon plaintiff moved the court to permit plaintiff to take a non-suit. This motion was also denied, and the jury instructed to find a verdict for the defendant. This was done, and judgment rendered thereon, which is now before us on this writ of error. No testimony was offered or sought to be offered by the defendant under his plea of set-off, and the instructions, verdict and judgment made no reference thereto.

The controlling question presented is whether the court erred in refusing plaintiff's motion to be allowed to take a non-suit.

At common law a non-suit could be taken at any time before verdict. 6 Encyc. Pld. & Prac. 836. This right has been limited by our statute, which provides that "no plaintiff shall take a non-suit on trial unless he do so before the jury retire from the bar." Section 4357 Comp. Gen. Laws.

The rule is well settled in this jurisdiction that the presence of a plea of set-off does not deprive the plaintiff of his

right to take a non-suit before the jury retires. Buffinton v. Quackenboss, 5 Fla. 196; Clarke v. Wall, 5 Fla. 476; National Broadway Bank v. Lesley, 31 Fla. 56, 12 So. R. 525; Haile v. Mason Hotel, 71 Fla. 469, 71 So. R. 540. The reasons for this rule are well stated in the case first above cited.

The error of the court in declining to allow the plaintiff to exercise this right before the jury had retired requires the reversal of the case, and renders it unnecessary and perhaps inappropriate to discuss the remaining assignments of error.

Reversed and remanded.

TERRELL, C. J., AND ELLIS, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.