WILLIAM T. PITT, *Plaintiff in Error*, vs. MARION ABRAMS, *Defendant in Error*.

139 So. 152.

Division A.

Opinion filed December 23, 1931.

*Ross Williams* and *Harry Neham*, for Plaintiff in Error; *Carr, Carr & Carr*, for Defendant in Error.

BUFORD, C.J.—In this case plaintiff in error filed eject-ment suit against defendant in error to recover certain lands in Dade County. The summons and declaration were in con-ventional form.

The defendant pleaded not guilty.

The cause came on for trial and plaintiff offered in evi-dence a deed from one John H. Truesdell to himself and then testified as follows:

"I know Mr. John H. Truesdell was in possession of this land, as he and I lived together and I know he bought it. We lived where he is now on Flagler Arcade There was no improvement on the lot. It was a vacant lot. I know Mr. Truesdell was in possession of this lot because he had it, because I bought from the agent. Mr. Truesdell had a deed from Miller. I saw it and had the

abstract examined. That is the way I know it. I saw his deed. Mr. Miller showed it to me. I saw the deed. There was no improvement on the lot.''

At the close of this evidence attorney for plaintiff announced that he closed his case. Thereupon the Judge sua sponte directed the jury to return a verdict for the defendant. Thereupon, plaintiff's attorney addressing the court, said: ''Will you permit me to go ahead?'' The Court replied, ''You closed your case'' and further stated, ''When a man comes into court and has a jury empaneled and brings the defendant in and offers his case and says 'closed' that ends it. There is absolutely no case presented for the jury.'' The court then directed counsel to prepare a verdict for the defendant. Thereupon, Plaintiff's attorney announced, ''Plaintiff will take a non-suit.'' The court declined to allow plaintiff to take a non-suit. The court then examined the verdict which was prepared and ordered a member of the jury to sign it as foreman. The verdict in favor of defendant was signed, read and filed.

There are two points raised by the assignment of error. The first is: Was it reversible error for the court to decline to allow plaintiff to proceed further with the presentation of his case after he had announced ''closed''. The plaintiff proffered nothing, in no manner indicated what he had proposed to show in addition to what he had already shown. Under the evidence as submitted the plaintiff could not recover. The plaintiff had shown only a deed purporting to convey the property involved. As a conclusion he testified that Truesdell, the vendor in that deed, was in possession of the property, but his testimony as to facts show that this conclusion was erroneous; that the property was vacant, unimproved property and no acts of physical possession were exercised over it either by the plaintiff or his predecessors in title. The request to be allowed to proceed further with the case came after the court had directed the jury, and properly so, to return a

verdict in favor of the defendant. Denying the request was not error.

The other question presented is, whether or not the court committed reversible error in denying plaintiff the privilege of taking a non-suit after his case was submitted to the jury and the court had directed a verdict in favor of the defendant. In many jurisdictions the granting or refusal of a non-suit after the plaintiff has closed his case is held to be a matter within the exercise of judicial discretion and in such jurisdictions the action of the trial court will not be reversed unless it be shown there is evident misapprehension of the facts or the rights of the parties or an abuse of such discretion by the trial court. This rule, however, does not obtain here.

In this State it is held that the right to take a non-suit is only abridged by the statute which limits the taking of a non-suit to any time before the jury retires from the bar. Section 2690 R. G. S., 4357 C. G. L.

The majority of the Court as now constituted is of the opinion that the directing of a verdict by the trial court is not equivalent to a retirement of the jury from the bar and, therefore, the right to take a non-suit is not barred by the trial court directing the jury to return a verdict for the defendant. See Hale vs. Mason Hotel & Investment Company, 71 Fla. 469, 71 Sou. 540; West Coast Fruit Co. vs. Hackney, 98 Fla. 382, 123 Sou. 758, and cases there cited. It is, therefore, held that the trial court committed error in denying the plaintiff the right to take non-suit, for which reason the judgment should be reversed. It is so ordered.

Reversed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.