STATE, *ex rel.* JACKSONVILLE GAS COMPANY, v. MILES W. LEWIS, DEWITT T. GRAY, BAYARD B. SHIELDS, A. D. McNEILL, Judges of the Circuit Court of Duval County.

170 So. 306.
Opinion Filed October 19, 1936. .

*Julian Hartridge* and *Jennings & Watts,* for Petitioner; *John E. Mathews,* for Respondents.

BUFORD, J.—The sole question involved in this suit, which is an original proceeding in prohibition against the Circuit Judges of Duval County, Florida, is whether or not the title to Chapter 17481, Acts of 1935, is sufficient to render the provisions of Section 39 of the Act properly included in such Act.

The title to the Act is as follows:

"AN ACT TO PROVIDE FOR AND ADOPT A COMPREHENSIVE WORKMEN'S COMPENSATION LAW FOR THE STATE OF FLORIDA; TO PROVIDE COMPENSATION THEREUNDER FOR DISABILITY OR DEATH RESULTING FROM AN INJURY ARISING OUT OF AND IN THE COURSE OF EMPLOYMENT; LIMITING, REGULATING AND PROHIBITING RESORT TO CERTAIN COM-

MON LAW CAUSES OF ACTION AND/OR DEFENSES IN CASES FALLING WITHIN THE PURVIEW OF THIS ACT; IMPOSING CERTAIN DUTIES AND EXACTIONS UPON EMPLOYERS FALLING WITHIN THE SCOPE OF THIS LAW; DEFINING THE EMPLOYMENTS SUBJECT HERETO AND DELIMITING THE APPLICATION OF THIS ACT AS APPLIED TO OTHER EMPLOYMENTS AND SETTING UP AN AGENCY OF THE STATE FOR THE ADMINISTRATION HEREOF."

Section 39 of the Act, which Petitioner contends is unconstitutional because of not being within the proper purview of the title, is as follows:

"Section 39. (a) If on account of a disability or death, for which compensation is payable under this Act, the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect by giving notice to the employer and the Commission in such manner as the Commission may provide, to receive such compensation or to recover damages against such third person. This notice must be given within thirty days from the date of the accident.

"(b) The giving of notice to accept such compensation shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person.

"(c) Such employer on account of such assignment may either institute proceedings for the recovery of such damages or may compromise with such third person either without or after instituting such proceedings.

"(d) Any amount recovered by such employer on account of such assignment, whether or not as the result of a compromise, shall be distributed as follows:

"(1) The employer shall retain an amount equal to—

"(A) The expenses incurred by him in respect of such pro-

ceedings or compromise (including a reasonable attorney's fee as determined by the Commission).

"(B)  The cost of all benefits actually furnished by him to the employee under Section 13.

"(C)  All amounts paid as compensation, and the present value of all amounts payable as compensation, such present value to be computed in accordance with a schedule prepared by the Commission, and the amounts so computed to be retained by the employer as a trust fund to pay such compensation as it becomes due.

"(2)  The employer shall pay any excess to the person entitled to compensation or to the representative.

"(e)  The Commission may, if the person entitled to compensation under this Act is a minor, make any election required under subdivision (a) of this Section, or may authorize the parent or guardian of the minor to make such election.  Where the employer is insured in compliance with the provisions of this Act, the insurance carrier shall be subrogated to the rights and remedies of the compensation and the date of the expiration of the policy."

The controlling provision of the Constitution is contained in Section 16 of Article III, as follows:

"Each law enacted in the Legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title; and no law shall be amended or revised by reference to its title only; but in such case, the Act, as revised, or section, as amended shall be re-enacted and published at length."

It is also contended that Section 39 above quoted seeks to amend Sections 4960 R. G. S., 7047, C. G. L., and 4961 R. G. S., 7048 C. G. L., without complying with that provision of the Constitution above quoted that "no law shall be amended or revised by reference to its title only but in

such case the Act as revised or section as amended shall be re-enacted and published at length." We know of no good purpose that could be served by a lengthy discussion in regard to the contentions presented.

It is one of the contentions of the petitioner that the Act under consideration unlawfully extends the jurisdiction of the Circuit Court. This contention is not tenable. The Act does not modify, extend or change the jurisdiction of the court but only designates parties who may invoke the long established jurisdiction of the court.

It appears to us that a casual reading of the title of the Act, together with Section 39 thereof, will be sufficient to convince one that the contents of Section 39 is matter properly connected with the subject, to-wit: "To provide for and adopt a comprehensive workmen's compensation law for the State of Florida," and that the title of the Act does not so limit the purview of the Act as to exclude the provisions of Section 39 by the use of the words "limiting, regulating and prohibiting resort to certain common law causes of action and/or defenses falling within the purview of this Act," and it also appears that any doubt which might possibly be entertained as to the propriety of the provisions of Section 39 being included under the title must be removed by the use of the words as follows (in the title): "imposing certain duties and exactions upon employers and/or employees falling within the scope of this law."

As we construe Section 39 of the Act under consideration, it does not violate the latter provision of Section 16 of Article III of the Constitution because it is clear that the section does not amend or revise either Section 4960 R. G. S., 7047 C. G. L., or Section 4961 R. G. S., 7048 C. G. L., but is an independent enactment supplemental of

and in addition to such sections. To be available and useable the provisions of Section 39, *supra,* must be read and applied *in paria materia* with Sections 4960 R. G. S., 7047 C. G. L., and 4961 R. G. S., 7048 C. G. L.

The Rule *Nisi* is discharged.

So ordered.

WHITFIELD, C. J., and TERRELL and DAVIS, J. J., concur.

ELLIS, P. J., and BROWN, J., concur specially.

BROWN, J. (concurring specially).—As I see it, the Circuit Court had full and complete jurisdiction of the cause and the parties thereto, with reference to which this writ of prohibition was prayed. The grounds upon which the "petition" for the writ is based go to the existence or legal sufficiency of the cause of action, not to the jurisdiction of the Court. The very first ground of the respondents' motion to quash the rule *nisi* is amply sufficient to dispose of this proceeding. That ground is: "The petition, on its face, shows that it is an attempt to use the writ of prohibition as a writ of error." To my mind this ground of the motion to quash is good. If so, it is as I see it, inappropriate to discuss and decide the questions attempted to be raised by the petition, and which have been ruled upon by the Circuit Court adversely to the petitioner which petitioner is the defendant in the trial court. Without questioning the abstract correctness of the foregoing opinion, I concur in the order made solely because, as I see it, the petitioner is not authorized to raise such questions by way of writ of prohibition.

ELLIS, P. J., concurs.