E. A. HARTQUIST v. TAMIAMI TRAIL TOURS, INC.

190 So. 533
Division B
(Two Cases)
Opinion Filed July 18, 1939
Rehearing Denied August 1, 1939

330

*E. F. P. Brigham, Philip E. Paine* and *Whitfield & Whitfield,* for Plaintiffs in Error;

*Knight & Green,* for Defendant in Error.

BROWN, J.—A second amended declaration was filed by plaintiff, E. A. Hartquist, before Division "C" of the Circuit Court of Dade County, Florida, the first count of which alleged in substance that the defendant, Tamiami Trail Tours, Inc., was engaged in the business of transportation for hire over the public highways, and in its business, through its servants, agents and employees, operated and maintained a motor vehicle commonly referred to as a trailer truck, which was propelled by gasoline motor power; that defendant parked its said trailer truck adjacent to the curb of the sidewalk; that the defendant, through its servants, negligently and carelessly insecurely fastened a door of said trailer truck while unloading a cargo from the truck; that plaintiff was engaged in the lawful use of the public sidewalk in the exercise of due care and caution when the door suddenly flew open and struck him, and as a proximate result of the negligence of the defendant, by and through its servants, the plaintiff was injured.

The second count of the amended declaration differs from the first in that it alleges that the defendant, Tamiami Trail Tours, Inc., was delivering a cargo of glass to the plaintiff's

employer, Southern Glass Company, and that the servants of the defendant unloaded the crate of glass from the trailer truck by means of a crane or derrick and deposited the same upon the sidewalk in front of the Southern Glass Company; that the servants of the defendant, Tamiami Trail Tours, Inc., were unable to remove the crate of glass from the sidewalk to the place of business of the Southern Glass Company; that thereupon they called to the plaintiff, who was then performing his duties as servant and employee of the Southern Glass Company, and asked him to assist them in pushing the crate of glass off the sidewalk and into the place of business of the Southern Glass Company, and that while he was so engaged he was struck by the out-swinging door as described in the first count.

The number of this case was No. 16456-C.

A demurrer was filed by defendant to each count of the declaration. Plaintiff, on August 10, 1936, presented to Judge Trammell, who presided over Division "C," his motion for order of dismissal without prejudice, which motion was granted and the action dismissed without prejudice on the same day. For the sake of clarity the above proceeding will hereinafter be referred to as the first suit.

On October 5, 1936, the declaration in the second suit was filed and fell to Division "D" of said Circuit Court, presided over by Paul D. Barns, which declaration alleged in clearer detail and better form the same cause of action as that set out in the first suit. Counsel later alleged that this was the reason why he dismissed the first suit. The case number of this second suit was No. 16815-C.

On November 2, 1936, defendant filed its demurrer to said declaration, motion for better bill of particulars and motion for compulsory amendment. On the same day defendant filed a rather unusual petition, being one seeking

to get the Court to vacate the court's order of dismissal rendered in the plaintiff's first suit and reinstate the cause. This petition was granted and the first suit was reinstated on November 18, 1936.

The following day plaintiff filed his entry of discontinuance in the first suit with the clerk of the circuit court, and on the same day the clerk entered an order of dismissal. On December 4, 1936, defendant filed a motion to vacate the clerk's order of dismissal and to strike from the files plaintiff's entry of discontinuance. Judge Trammell entered an order to that effect on June 9, 1937.

In the meantime defendant had filed its motion to transfer the second suit to Division "C" of the court below, the division over which Judge Trammell presided and before which the first suit was filed. Plaintiff filed a response to said motion, denying the facts set out therein. It is shown by the record that the cause was transferred to Judge Trammell's division on December 22, 1936.

On June 9, 1937, Judge Trammell entered an order dismissing the second suit on the ground that there was pending in the same court a former action between the same parties and over the same subject matter, and on the same day sustained the demurrer and entered final judgment on demurrer in the first suit.

Plaintiff Hartquist has sued out writs of error from the final judgment on demurrer in the first suit and the order of dismissal rendered in the second suit. Tamiami Trail Tours, Inc., is the defendant in error in each of the two cases, which cases have been consolidated in this Court for the purpose of argument and consideration together, though each case retains its identity otherwise.

The declaration in the first suit alleged that defendant was engaged in the business of transportation for hire; that

defendant operated and maintained a motor vehicle and trailer truck; that defendant parked said trailer truck on the public highway adjacent to the sidewalk, and negligently and carelessly, while unloading the same, permitted a door of the trailer truck to be insecurely fastened and injured the plaintiff who was "engaged in the lawful use of the public sidewalk aforesaid."

Plaintiff in error contends that this is sufficient to show the relation between plaintiff and defendant so as to raise a duty on the part of defendant to refrain from negligently injuring him. In support of this contention plaintiff cites Pillett v. Ershick, 99 Fla. 483, 126 So. 784, and Florida Motor Transportation Co. v. Hillman, 87 Fla. 512, 101 So. 31.

In Pillett v. Ershick, *supra,* the declaration alleged that, "the plaintiff was crossing Central avenue, a public highway in the city of St. Petersburg, within the safety zone as indicated on the avenue by two white lines painted on the brick pavement; that such safety zone was created by the municipal authorities of the city; that in crossing the street he used all care and precaution as a pedestrian; that the defendant driving his automobile in an eastward direction along the avenue in a negligent and careless manner ran into and upon the plaintiff and caused the injury of which he complained."

The declaration was demurred to on the ground, *inter alia,* that it failed to allege any violation of duty on the defendant's part toward plaintiff. The court held the declaration was not amendable to the objections pointed out by the demurrer, saying:

"The relation of the parties is shown by the declaration as travelers on a city street, the defendant driving an automobile and the plaintiff a pedestrian. Each was required

to use due care; one to avoid injury to himself, the other to avoid injury to others." 126 So., text 787.

In Florida Motor Transportation Co. v. Hillman, *supra,* the Court said:

"The declaration alleged that the defendant 'carelessly and negligently propelled and ran its motor bus against and upon the said Clarence Hillman.' The relation between the parties was alleged to be that of travelers upon the common highway; the plaintiff walking across the highway, and the defendant driving a motor bus upon it." 101 So., text 32.

In J. G. Christopher Co. v. Russell, 63 Fla. 191, 58 So. 45, Ann. Cas. 1913C, 564, the declaration alleged that the general public was invited by defendant to enter certain store rooms and buy merchandise of defendant; that plaintiff entered the store rooms for the purpose of buying rope and was examining it with the intention of purchasing it when the accident happened. This Court held that the above allegations were sufficient to show that relationship of merchant and customer actually existing between plaintiff and defendant.

In Coombs v. Rice, 64 Fla. 202, 59 So. 958, the allegations were held sufficient to show a relation of bailor and bailee for mutual benefit between plaintiff and defendant.

The declaration in the case at bar, to show the relationship between plaintiff and defendant at the time of the injury, alleges what the defendant was doing adjacent to the sidewalk, as above set forth, and that plaintiff was "lawfully using the public sidewalk," when he was injured by the negligence of defendant's servants. The allegation that he was using the public sidewalk negatives the idea that plaintiff was a trespasser. The right to use the public streets and sidewalks in any lawful manner is a right which any and all inhabitants of the city possessed—a right which

is extended to visitors as well. If the plaintiff was using the public sidewalk for any *lawful* purpose, the duty of the defendant to avoid negligently injuring the plaintiff would necessarily be inferred. While the first count of the declaration herein may be distinguished to some extent from those discussed in the above cases, and while the purpose for which plaintiff was using the public sidewalk might well have been alleged, said first count does not wholly fail to state a cause of action, and the demurrer thereto should have been overruled. See numerous cases cited in Vol. 10, pp. 204-207, Encyc. Dig. of Fla. Reports. Defendant, however, might have been entitled to interpose a motion for a compulsory amendment to require the plaintiff to allege for what purpose or in what way he was thus lawfully using the public sidewalk. However, we are not called upon to decide this latter question.

The next question presented by plaintiff in error in his brief reads as follows:

"Is a declaration fatally defective upon the theory that it shows that the plaintiff was injured by the negligence of a fellow servant when that declaration alleges in substance that the defendant was *engaged in the business of transportation for hire over the public highways, and in its business of transportation for hire operated and maintained a motor vehicle and trailer truck propelled by gasoline,* and at the time of plaintiff's injury it had parked the trailer truck on a public street at the entrance of the place of business of plaintiff's employer for the purpose of unloading and delivering to plaintiff's employer, as consignee, a cargo of glass, and that the defendant, through its servants, while engaged in unloading the cargo from the truck to the sidewalk, negligently and carelessly failed to fasten a door of the truck securely, and after unloading a heavy crate of glass

to the sidewalk the plaintiff was struck by the door of defendant's truck suddenly flying open while he was assisting defendant's servants in moving the crate of glass off the sidewalk into the place of business of plaintiff's employer, pursuant to the request of defendant's servants?"

Plaintiff in error has divided his argument on this question into two parts: (1) conceding, *arguendo,* that plaintiff and defendant's servants were fellow servants, plaintiff is not barred from recovery, because the provisions of the extra-hazardous occupation statute are applicable; (2) plaintiff was not, in fact, a fellow servant of defendant's servants.

Plaintiff asserts that one who is engaged in the business of transportation for hire over the public highways of the State of Florida, and in its business operates and maintains on the public highways motor vehicles commonly referred to as trailer trucks, propelled by gasoline motor power, is "liable in damages, under the hazardous occupation statute, for an injury to an employee that is proximately caused by the negligence of a fellow servant jointly engaged with the plaintiff in performnig the act causing the injury when the plaintiff was not negligent."—as held by the Court in Ryan v. Noble, 95 Fla. 830, 116 So. 766.

The statute in question (Section 7058, *et seq.,* Comp. Gen. Laws 1927 )includes employees who are engaged in "operating automobiles for public use." In Ryan v. Noble, *supra,* the evidence showed that defendant "was engaged in operating automobiles for hire to those with whom he contracted, and he contracted with members of the public he desired." This was held to satisfy the purpose and intent of the statute.

The declaration in the case at bar alleges that defendant was engaged in the "business of transportation for hire on a public highway of the State of Florida," but does not allege

that the defendant was engaged in the business of "operating automobiles for public use." Defendant might contract with one person or only a small group of people and refuse to contract with the general public—then it might be engaged in the "busines of transportation for hire on a public highway of the State of Florida," but not engaged in "operating automobiles for public use." The evidence might appear at the trial, as in Ryan v. Noble, *supra,* that defendant was in fact within the purview of the statute, but this is not alleged and cannot be read into the declaration.

The second count of plaintiff's declaration contained the following allegations:

"That the crane or derrick aforesaid deposited in the manner aforesaid, a particularly heavy crate of glass, weighing to-wit: one thousand pounds, from said trailer truck upon said sidewalk and due to the weight of said crate of glass, the agents, servants and employees of the Defendant were unable to remove said crate of glass from said sidewalk into the place of business of the said Southern Glass Company, who was then and there the consignee of the same; thereupon, the plaintiff herein, as agent, servant and employee af the Southern Glass Company, in behalf of his said master, the said Southern Glass Company and in the performance and in the furtherance of his duties to his said master, as aforesaid, went to assist the agents, servants and employees of the Defendant, with their knowledge, permission and consent in pushing said heavy crate of glass from the sidewalk into the place of business of the Southern Glass Company, as aforesaid."

Plaintiff insists this is sufficient to show that the fellow-servant doctrine would not apply to the instant case. In support thereof plaintiff cites Lookout Mountain Iron Co. v. Lea, 144 Ala. 169, 39 So. 1017, where the Court held

that servants of an independent contractor employed to mine coal and servants of the principal by whom the contractor was employed are not fellow servants, for "they are not fellow servants unless they are all under the control and direction of a common master." 39 So., text 1019.

Kelly v. Tyra, 103 Minn. 176, 114 N. W. 750, also cited by plaintiff, holds that servants in the hire of a general employer and servants of his subcontractor, or an independent contractor, are not fellow servants, unless the circumstances show that the servant submitted himself to the control of another person than his proper master, and either expressly or impliedly consented to accept that person as his master for the purpose of the common employment. Plaintiff (servant of a subcontractor) in Kelly v. Tyra, *supra,* though engaged in a common enterprise with servants of the general employer, was not their fellow servant for they had no common master, and plaintiff had not submitted himself to the control of defendant (general employer) or his servants.

Geer v. Sound Transfer Co., 88 Wash. 1, 152 Pac. 691 ; Welch v. Maine Central R. Co., 86 Me. 552, 30 Atl. 116, 25 L. R. A. 658; Wright v. London & Northwestern Ry. Co., L. R., 10 Q. B. 298, have all held that where one has an interest in certain work, such as a consignee or his servants, and at the request or with the consent of another's (carrier) servants, undertakes to assist them, he does not do so at his own risk, and, if injured by their carelessness, their master is responsible. In such a case the doctrine of respondeat superior applies. See 39 C. J. 668, 2 Thompson Neg. 1040; 1 Labott's Master & Servant, 2nd Ed. and 159-163.

Apparently the only case contrary to the above rule has been Wischam v. Richards, 136 Pa. 109, 20 Atl. 532, 10

L. R. A. 97, 20 Am. St. Rep. 900. The Washington court in Geer v. Sound Transfer Co., *supra,* states at length reasons for declining to follow it. In Shearman & Redfeild on the Law of Negligence (6th Ed. by Robert G. Street), Vol. 1, Sec. 183, p. 436 (n. 46), Wischam v. Richards, *supra,* is said to be a "hard case" and is opposed to the rule set out in the text.

In the following cases neither the injured person nor his employer had any interest in the work which the injured person volunteered to perform. For that reason they may be distinguished from the instant case. Baynes v. Billings, 30 R. I. 53, 73 Atl. 625; Everhart v. Terre Haute R. Co., 78 Ind. 292, 41 Am. Rep. 567 Potter v. Faulkner, 1 B. & S. 800, 121 Eng. Rep. 911; Flower v. Pennsylvania R. Co., 69 Pa. 210, 8 Am. Rep. 251; Mayton v. T. & P. R. Co., 63 Tex. 77, 51 Am. Rep. 637; Cincinnati, etc., R. Co. v. Finnell's Adm'r., 108 Ky. 135, 55 S. W. 902, 57 L. R. A. 266.

Whether plaintiff was the servant of the Glass Company or of the defendant is not determined by the fact that he was employed and paid and might be discharged by the Glass Company, but by the answer which the facts give to the following question Did the Glass Company or the defendant have the exclusive power to direct and control his action in doing the work plaintiff was performing at the time of his injury? Standard Oil Co. v. Anderson, 212 U. S. 215, 220, 221, 29 S. Ct. 252, 53 L. Ed. 480; Harrell v. Atlas Portland Cement Co., 162 C. C. A. 255, 250 Fed. 83; Donovan v. Construction Syndicate, L. R. (L. Q. B. Div., 1893) 629; Postal Telegraph & Cable Co. v. Doyle, 123 Fla. 695, 167 So. 358.

From the allegations of the second count of the declaration it does not appear that plaintiff was under the im-

mediate direction and control of defendant at the time he sustained his injuries. Therefore it does not allege facts which show that plaintiff was a fellow servant of defendant's employee. This count did not wholly fail to state a cause of action, and was not subject to demurrer. The court below therefore erred in sustaining the demurrer to this count.

Defendant in error contends that because the Workmen's Compensation Act was effective at the time of the injury plaintiff could not maintain a common law suit against defendant which was covered by said Act. It does not appear from the declaration that said statute is applicable to this case.

However, Section 5966 (38), Comp. Gen. Laws 1927, Perm. Supp. (Sec. 39, Chapter 17481, Acts 1935, Laws of Florida) provides:

"(a)    If on account of a disability or death, for which compensation is payable under this law, the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect by giving notice to the employer and the commission in such manner as the commission may provide, to receive such compensation or to recover damages against such third person. This notice must be given within thirty days from the date of the accident."

The Industrial Commission has prescribed a form of notice to be filed with it in such cases.

The question arises whether under the above section plaintiff could commence this action unless and until he had made his election as provided in said section and in the manner prescribed by the State Industrial Commission.

This being an action for damages for personal injury alleged to have been caused by the negligence of another

not in the same employ, the right of common-law action against such alleged wrongdoer exists unless there is something in the Workmen's Compensation Act which takes it away. Any such provision would, of course, be in derogation to that right.

The exact question under consideration has never been determined in this State. The courts of several jurisdictions, in construing sections which provide that the election shall be made *before any suit or claim under the Workmen's Compensation Act,* have held that notice of an election is not a condition precedent to the maintenance of an action against a third person. Keener Oil & Gas Co. v. Bushong, 176 Okla. 565, 56 Pac. (2d) 819; Arthun v. City of Seattle, 137 Wash. 228, 242 Pac. 16; Lester v. Otis Elevator Co., 169 App. Div. 613, 155 N. Y. S. 524. See also Van Zandt v. Sweet, 56 Cal. App. 164, 204 Pac. 860; Driscoll v. California Street Cable R. Co., 80 Cal. App. 208, 250 Pac. 1062. The Florida Act provides that the notice of election must be given within 30 days from the date of the injury.

Numerous cases have been decided by courts of last resort on questions of the procedure to be followed in the enforcement of third-party liability, but the statutes of the various States differ so widely in their terms and provisions that the decisions based upon such statutes are not greatly helpful to us in the interpretation of the Florida Act.

If Section 5966 (38), *supra,* is construed to mean that notice must be given before the institution of suit against a third party, then the section is in derogation of the common-law rights of the employee—a construction to be avoided where possible. Lester v. Otis Elevator Co., *supra;* Arthun v. City of Seattle, *supra.* With the exception of the above section we do not find any provision under which it is or can be claimed that there

has been any attempt to limit, modify or cancel the common-law liability of a third party because of his tortious injury of a workman. He contributes nothing so far as appears in this case, to the fund the law provides for, nor does he make any report to the commission that administers it. He is therefore entirely without the scope of all its benefits.

When an employee is injured by the act of a third party in the course of his employment, he is nevertheless entitled to claim compensation under the statute. But it is only reasonable that, in such cases, the third party should be made to pay the damages caused by his wrongful act. Section 5966 (38) (b), Comp. Gen. Laws 1927, Perm. Supp. accordingly provides that the giving of notice to accept compensation shall operate as an assignment to the employer of all right of the employee to recover damages against the third person.

The employer, or the person liable for the payment of the statutory compensation, is thus vitally interested in the outcome of such an action brought by an employee. The above quoted section is for the protection of the employer, in that he is given notice and can take steps to see that an adequate recovery is obtained if the employee elects to pursue his remedy against the third party.

The Court is therefore of the opinion that the requirement that the employee give evidence of his election to sue was intended solely for the benefit of the person liable for the statutory compensation, and was not intended to curtail or affect the existing remedies of the employee against the third party. Nor is it to be construed as a limitation upon the right of the employee to commence an action against a third person. See State *ex rel.* Jacksonville Gas Co. v. Lewis, 125 Fla. 816, 170 So. 306.

For the above reasons we hold that even though it might appear that notice of election was not given, defendant would not be entitled to complain. See Driscoll v. California Street Cable R. Co., *supra*.

It follows that the cause of action is not barred for the reason that it is covered by the Workmen's Compensation Act and there was no necessity for plaintiff to allege in his declaration that he had given notice of his election to sue the third person.

While defendant's demurrer and motion for final judgment were pending in the first suit, plaintiff elected to dismiss it, which is similar to a motion to take a nonsuit. There was and is some controversy between opposing counsel as to whether, on disputed facts not appearing of record, it was an involuntary nonsuit, or a voluntary one. Thereafter plaintiff filed a second suit on the same cause of action which came before another circuit judge. Defendant filed a demurrer in the second suit and a "Petition to Reinstate Cause" in the first suit. The plaintiff filed a "Response to Motion to Reinstate Cause." Thereupon the court entered an order reinstating the cause and vacating the order of dismissal. Plaintiff insists that the lower court erred in its order vacating its previous order of dismissal, in that Section 4357, Comp. Gen. Laws of 1927, provides that no plaintiff shall take a nonsuit on trial unless he do so before the jury retire from the bar. Under this statute it has been held that plaintiff has an absolute right to take a nonsuit, dismissal or discontinuance within the time provided in the statute. National Broadway Bank v. Lesley, 31 Fla. 56, 12 So. 525; Haile v. Mason Hotel & Inv. Co., 71 Fla. 469, 71 So. 540; West Coast Fruit Co. v. Hackney, 98 Fla. 382, 123 So. 758; Pitt v. Abrams, 103 Fla. 1022, 139 So. 152.

A nonsuit is of two kinds—voluntary and involuntary. It becomes involuntary when it is prompted by an adverse ruling of the court which is preclusive of a recovery by the plaintiff, 18 C. J., Dismissal and Nonsuit, Sec. 3, p. 1147; J. Schnarr & Co. v. Virginia-Carolina Chemical Co., 118 Fla. 258, 159 So. 39, or impedes the proper presentation of plaintiff's cause of action.

It is well settled that a plaintiff who institutes a civil action may voluntarily termniate same by dismissal, discontinuance or nonsuit (17 Am. Jur., Dismissal and Discontinuance, Sec. 4, p. 59), and under certain conditions his right to take a voluntary nonsuit is an absolute one. However, as the name denotes, an involuntary nonsuit is not entered primarily at the instance of plaintiff—it is always necessitated by some adverse ruling, made or about to be made, by the court. Because it is, at times, an absolute right, a voluntary nonsuit cannot be set aside and the plaintiff be required to prosecute same without his consent. But this rule would not inflexibly apply to an involuntary nonsuit.

It follows that if the dismissal of the first suit on August 10, 1936, was in legal effect a voluntary nonsuit the court erred in granting the petition to reinstate.

The first question which arises is one of fact, namely: Whether the lower court announced his intention to sustain the demurrer and entered final judgment thereon before the nonsuit was taken. The circuit judge, by granting defendant's petition to reinstate the cause, found in effect, that he had announced such intention. The burden then devolved upon plaintiff to show in this Court that such finding was erroneous. This he has failed to do, by any matter of record, and, as the record now stands, we must conclude that the court below decided that the nonsuit was

taken after the court had sustained or had announced that he would sustain, the demurrer and had announced his intention of formally granting defendant's motion for final judgment on demurrer and was about to enter same.

We are of the opinion that such a ruling was "preclusive of a recovery by the plaintiff," the judge thereby having held that the facts alleged, even if proven, were insufficient in law to justify a recovery by the plaintiff.

It is true that this Court has held that a nonsuit taken when the Circuit Judge announces his intention to direct a verdict for defendant is a voluntary nonsuit (See Pitt v. Abrams, 103 Fla. 1022, 139 So. 152; Haile v. Mason Hotel & Inv. Co., 71 Fla. 469, 71 So. 540), but these cases are distinguishable from the instant case. A verdict is directed for defendant when plaintiff's evidence has failed to substantiate a cause of action which has been alleged in the declaration. A final judgment is entered on demurrer when the declaration fails to allege a cause of action. In one instance plaintiff has a cause of action, but has failed to prove it; in the other, as the record stands, he has no cause of action. A nonsuit prompted by a failure of evidence would not be preclusive of a recovery, but if prompted because the court has held that plaintiff has no cause of action, it would be preclusive of a recovery, unless of course there was a reversal by the appellate court of the trial court's ruling.

On this record we cannot say that there was reversible error in the court's ruling reinstating the first suit.

After the first suit was reinstated defendant filed a motion to dismiss the second suit, "Since it appears from the records and files herein, that it is a mere refiling of said cause of action so reinstated by the said order, and that the former action is now pending." This motion was granted by the

lower court. Plaintiff insists that the motion to dismiss set up facts which could only be set up by a plea in abatement, and for that reason the court erred in sustaining said motion.

In the motion to dismiss, defendant alleged that the second suit had been transferred to Division "C"; that, after the filing of said motion to transfer the cause to Division "C," the motion of defendant to vacate the order of dismissal entered in the first suit, wherein Hartquist was plaintiff and Tamiami Trail Tours, Inc., was defendant, "being the same cause of action herein declared upon, as by reference to the files in said last mentioned cause will more particularly appear and the file of which is incorporated in this motion by reference as though set out herein *haec verba*," was granted, and that there was pending a former action on the same cause of action in the same court.

The motion to dismiss contained all the requisites of a plea of former action pending and could be treated as such. Furthermore, we do not think the lower court committed reversible error in dismissing the second suit rather than abating same. A judgment obtained in the first suit in favor of either plaintiff or defendant would operate as a bar to any further proceedings in the second suit after such judgment, and an abatement of the second suit would operate as a bar to any further proceedings in such second suit until such judgment was rendered. It cannot be said that the dismissal of the second suit was harmful error.

The day after the first suit was reinstated plaintiff filed an "Entry of Discontinuance and Praecipe for Dismissal," and the cause was accordingly dismissed by the clerk of the circuit court. Thereupon defendant filed a "Motion to Vacate Clerk's Order of Dismissal," which was granted by the circuit judge and the first suit was once again reinstated.

Plaintiff assigns this as error. At the time of the dismissal of the first suit there was a demurrer pending in said cause and defendant alleged in his motion that the circuit judge had announced his intention to enter final judgment thereon. Under these circumstances, which, in spite of plaintiff's strong denial, the court must have found to exist, in view of the court's action later on, the dismissal was inconsistent with the purpose of the order previously entered reinstating the cause, and was therefore subject to the power of the court, during the term at least, to vacate the order of dismissal and reinstate the case on the docket.

The Rules of the Circuit Court for Dade County provide that there shall be four Divisions, "A," "B," "C," and "D," and that "suits shall not be assigned by the clerk to one judge in preference to another, but shall be filed in natural sequence."

There should of course be no effort on the part of the members of the bar to defeat the spirit or purpose of this rule.

While the procedure in this case was most unusual, growing largely out of a factual dispute between opposing counsel and the charge of defendant that plaintiff was endeavoring to get his case before another judge because of adverse rulings made or announced to be made by the first judge, which serious charge was most vigorously denied by counsel for plaintiff, the matters of actual record presented by the transcripts are such that we cannot say that the trial court committed reversible error in these procedural matters. In reaching this conclusion, we have not found it necessary or proper for this Court to determine the merits of this unfortunate dispute or misunderstanding, these charges and counter charges, between counsel, both of whom are well

known members of the bar of Dade County, as well as members of the bar of this Court in good standing.

The order dismissing the second suit is affirmed, at the cost of plaintiff in error, including the cost of the transcript.

The order sustaining the demurrer in the declaration and the final judgment on demurrer entered in the first suit is reversed at the cost of defendant in error, including the cost of the transcript of the record, and the cause is remanded for further proceedings not inconsistent with the above opinion.

WHITFIELD, P. J., and CHAPMAN, J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.