59 So.2d 526 (1952)
CREWS et ux.
v.
WOODS et al.
Supreme Court of Florida, Division B.
June 13, 1952.
*527 W. Wallace Shafer, of Bentley & Shafer, Lakeland, for appellants.
John Bell, Tampa, of Knight, Thompson, Knight & Bell, Lakeland, for appellees.
ROBERTS, Justice.
This is an appeal from a summary judgment entered in a tort action instituted by appellants against appellees in the Circuit Court of Hillsborough County. The appellees filed their answer, which contained, among others, the defense of the statute of limitations; and, based upon such defense, the appellees filed a motion for summary judgment. The appellants thereupon filed a motion for leave to dismiss without prejudice, as authorized by 30 F.S.A. Common Law Rule 35. Thereafter, and after the trial judge had announced his intention to render summary judgment in appellees' favor, the appellants filed a motion entitled "Motion for Order of Non-Suit," together with a "Notice of Plaintiffs' Non-Suit." The trial judge, after a hearing, entered summary judgment for the appellees, in which judgment he also denied the appellants' motion for leave to dismiss and their "Motion for Order of Non-Suit."
The sole issue here is whether the appellants were entitled, as of right, to take a non-suit under the circumstances above mentioned.
Rule 35 of the new Florida Common Law Rules deals with the dismissal of actions and is identical with Rule 41 of the Federal Rules of Civil Procedure, 28 U.S.C.A., except that in Section (b) of Rule 35  which section is entitled "Involuntary Dismissal; Effect Thereof"  there is appended the following clause: "except, however, that nothing stated herein shall preclude a non-suit from being taken pursuant to any applicable statute." Appellants contend that they are entitled to a non-suit as a matter of right under this provision of Section 35(b). This contention cannot be sustained.
Our "non-suit" statute, Section 54.09, Florida Statutes, F.S.A. provides that "No plaintiff shall take a non-suit on trial unless he do so before the jury retire from the bar." Under this statute, it has long been the established rule in this state that a plaintiff was entitled, as of right, to take not only a voluntary non-suit but also a compulsory or "involuntary" non-suit, that is, one which "is prompted by an adverse ruling of the court which is preclusive of a recovery by the plaintiff * * * or impedes the proper presentation of plaintiff's cause of action." Hartquist v. Tamiami Trail Tours, 139 Fla. 328, 190 So. 533, 540. See also Pitt v. Abrams, 103 Fla. 1022, 139 So. 152, and Haile v. Mason Hotel & Investment Co., 71 Fla. 469, 71 So. 540. It should be noted that the right to appeal from such an "involuntary" non-suit has been expressly granted by statute, Section 59.05, Florida Statutes, which as amended by Chapter 22854, Laws of Florida, Acts of 1945, F.S.A., provides that "When, because of any decision or ruling of the court on the trial of a cause, it becomes necessary for the plaintiff to suffer a nonsuit, he may appeal therefrom, and the facts, points, rulings, and decisions may be preserved for review, by the appellate court, as in other cases."
Thus, it is a common practice in this state for the plaintiff to take a non-suit when, at the close of his case, the court announces its intention to direct a verdict for defendant because of the failure of plaintiff's proof, and to obtain a review of the sufficiency of his evidence by appeal to this court; and in appending the above-quoted clause to Section 35(b) it was intended only to preserve to a plaintiff the privileges respecting "involuntary" non-suits under these and similar circumstances, as developed in the previous decisions of this court.
But in Hartquist v. Tamiami Trail Tours, supra, this court distinguished between compulsory non-suits necessitated by an adverse ruling which was preclusive of recovery only because the plaintiff failed in that particular suit to prove his cause of action, and those in which the adverse ruling was preclusive of recovery under any circumstances on the cause of action stated. Thus, in the Hartquist case it was held that the plaintiff had no absolute right to a non-suit after the court had announced its intention to enter a final judgment on *528 demurrer for failure of the declaration to state a cause of action.
The facts in the instant case bring it within the rule of the Hartquist, case, that is, the ruling on the defense of the statute of limitations would be preclusive of recovery by the plaintiff under any circumstances on the cause of action stated. There was, then, no absolute right to a non-suit, and the lower court did not err in so holding.
The appellants do not here contend that the court abused its discretion in denying their motion for leave to dismiss without prejudice, and this assignment of error must be deemed to have been abandoned.
No error having been made to appear, the judgment appealed from should be and it is hereby
Affirmed.
SEBRING, C.J., and CHAPMAN and MATHEWS, JJ., concur.