LOVE, WILLIAM K., Associate Judge.
The above action was instituted in the trial court by the appellee, as plaintiff, seeking damages, in a Common Law action. The appellant had filed a counterclaim which was compulsory under Rule 1.13, 30 F.S.A. Upon trial, and at the close of plaintiff’s case, defendant moved for a directed verdict and the Court announced its disposition to grant the Motion for the failure of plaintiff to prove negligence.
Plaintiff thereupon took an involuntary non-suit and moved the Court to dismiss the counterclaim, contending that it should fall with the non-suit under the doctrine of the early Florida cases of Buffington v. Quackenboss, 5 Fla. 196; and Clarke v. Wall, 5 Fla. 476. The Court, over the objection of the defendant-counterclaimant, decided that the appropriate procedure would be to dismiss the counterclaim without prejudice.
Counsel for the parties have been unable to cite, and we have been unable to find, any Florida case directly in point. The right of non-suit came to Florida from the Common Law but at a time when the defendant had no right to plead setoff, recoupment, or counterclaim. A plea of setoff was first permitted in the year 1828 and the effect upon such a plea, in the event of non-suit, was presented to the Supreme Court of Florida in the case of Buffington v. Quackenboss and Clarke v. Wall, supra. It was determined in those cases that in the event of non-suit when a plea of setoff existed, that the plea would fall with the main action. The question was again presented to the Court in the case of Tomasello v. Walton, reported in 100 Fla. 710, 129 So. 840. Therein a majority of the Court reiterated that the plaintiff’s right to non-suit could not be abridged by the existence of a plea of set-off. The opinion, however, quoted from Volume 9 Ruling Case Law, at page 202, as follows:
“The great weight of authority seems to support the rule that where a Defendant has interposed a counterclaim and asked for affirmative relief, the Plaintiff cannot prejudice the Defendant in any way by taking a non-suit * * * nor can he in any way prevent the Defendant from proceeding to judgment upon his counterclaim. But the Plaintiff may discontinue only as to his own claim or demand. A distinction has been made as to a counterclaim arising out of the transaction set forth in the complaint and one arising independently of the cause of action alleged in the complaint, it being held that where the first kind of counterclaim is set up the Plaintiff cannot voluntarily submit to a non-suit as it is proper that the rights of the parties arising out of the same transaction should be settled at the same time but that as to the second kind, Plaintiff may submit to a voluntary non-suit as to his own cause of action but cannot, by so doing, put an end to the Defendant’s right to litigate his own counterclaim.”
*570 Despite this recitation as to the general weight of authority, the Court proceeded to reaffirm the doctrine in the Buffington and Clarke cases and further cited the case of West Coast Fruit Company v. Hackney, 98 Fla. 382, 123 So. 758; National Broadway Bank v. Lesley, 31 Fla. 56, 12 So. 525 and Haile v. Mason Hotel & Investment Co., 71 Fla. 469, 71 So. 540. The latter two cases do not involve a setoff and the set-off in the Hackney case was abandoned. The majority opinion also cites the Alabama case Huffstutler v. Louisville Packing Co., reported in 154 Ala. 291, 45 So. 418, 15 L. R.A., N.S., 340. The dissenting opinion of the late Mr. Justice Ellis in the Tomasello case presents, to the writer, the better reasoning as to the question. It recognizes that the plea of setoff is basically one of confession and avoidance in that it recognizes and acknowledges the justice of the complainant’s demand and sets up its own demand to counter-balance it. See Peacock Hotel, Inc. v. Shipman, 103 Fla. 633, 138 So. 144.
The harshness created by granting to the plaintiff the unbridled control of the trial of a defendant’s plea of setoff or recoupment doubtless occasioned the amendment to the Common Law Rules in 1936 which provided in Rule 50 as follows:
“The Plaintiff may at any time discontinue his cause in the Clerk’s office by paying costs and entering a written discontinuance thereof. Such discontinuance shall not affect any claim asserted by the Defendant by way of setoff but such Defendant may proceed to a trial on his claim on the pleadings as previously had or the Court may upon the motion of either party, or of its own motion, order a repleader in order that such claim may be adjudicated.”
By the enactment of Chapter 20426, Laws of Florida 1941, a compulsory counterclaim first came into being. By this statute, the defendant no longer had the right to file a counterclaim as a separate action and subject to his control, under non-suit, and the force of Judge Ellis’ reasoning in the Tomasello case became of even more importance. The counterclaim statute included a provision, in paragraph 9 (the statute later being carried as Sections 51.11, .12 and .13 of the Florida Statutes 1941) as follows:
“When found necessary to the ends of justice, the court may order separate trials of the issues made of any counterclaim or cross-claim, and judgment on a counterclaim or cross-claim may be rendered when the court has jurisdiction to do so, even if the claim of the opposing party has been dismissed, or otherwise disposed of.”
This statute was repealed effective May 31, 1955, subsequent to the adoption of the Florida Rules of Civil Procedure, which rules provided in paragraph 1.13(9), the exact language of the cited statute.
It is interesting to note that the Supreme Court of Florida has amended Rule 1.35 to provide, effective July 1, 1962, that, if a counterclaim has been served, the action shall not be dismissed against the defendant’s objections unless the counterclaim can remain pending for independent adjudication by the Court. The reference to right of non-suit has been eliminated.
The history of recent years has been that of a continuing limitation upon the non-suit as known to the Common Law. See 13 University of Florida Law Review, page 105, for the interesting article by Mr. C. Parkhill Mays, Jr., the comment of Professor Crandall as reported on page 205 of the 1940 Supplement of the Florida Common Law Practice, Crews v. Woods, Fla., 59 So.2d 526, and the case of Welgoss v. End, Fla.App., 112 So.2d 390.
The reasoning in the above cited cases, involving setoffs, ceased to exist with the adoption of the compulsory counterclaim statute and rule. Under such rules it would now be most unfair to give to a litigant, solely because of his speed in a race to the *571 Courthouse, the right to control the progress of a claim against him.
In any event, it seems to this Court that with the adoption of Florida Rules of Civil Procedure governing counterclaims, that, despite the fact that the plaintiff’s right to an involuntary non-suit (designed to preserve his rights on appeal) there is neither justice nor reason to permit the exercise of such a right to effect the substantive right of a counterclaimant to a trial of his cause. We rule, therefore, that the trial judge ■erred in not permitting the trial of the cause as to the counterclaim and the issues thereon to continue. We do not say that it is beyond the discretion of a trial judge, where good cause is shown, to dismiss the counterclaim without prejudice, but in the instant case no such cause was shown or offered. Accordingly, the judgment of dismissal without prejudice as to the counterclaimant below is hereby reversed with instructions that the same be reinstated upon the trial docket.
SHANNON, C. J., and ALLEN, J., concur.