## SAMUEL BUFFINGTON, APPELLANT, vs. JOHN QUACKENBOSS, APPELLEE.

1. The statute of the State of Florida confers upon a defendant the right to plead a set-off, upon which he is entitled to judgment against the plaintiff if his demand proved exceeds that of the latter.

2. After plea of set-off pleaded, and issue joined, the plaintiff has a right to discontinue his suit upon payment of costs; and this is imperative whenever an order for discontinuance is entered in the Clerk's office. But it is in the power of the Court to relax the rule upon special affidavit and motion.

3. If the costs are not paid, or if the order had been conditioned on the payment of costs, the only remedy of the defendant would be by motion in the Court below, to set aside the discontinuance, on the refusal of the plaintiff to comply with the terms of the order or the rule of Court.

Appeal from the Circuit Court for Duval County.

The point presented in this case will be found in the opinion of the Court.

*J. P. Sanderson* and *McQueen McIntosh* for appellant.

*G. R. Fairbanks* for appellee.

SEMMES, J. :

This was an action of assumpsit, founded on a promis-sory note. The defendant in the Court below, filed an account exceeding in amount the plaintiff's demand, and which, under the provision of our statute, he plead as a set-off.

At the trial term, the Court, on motion of plaintiff's counsel, ordered the cause to be dismissed, to which the counsel for defendant excepted, and assigned the same as error.

The statute which authorizes proper subjects of set-off to be pleaded, gives the defendant the right to have judgment for the balance which the jury, on the trial of the cause, may find in his favor. Under this statute, it is insisted, that it was not competent in the Court below, to dismiss this action at the instance of the plaintiff, without the consent of the defendant. We do not think so. The statute, while it affords a summary mode of adjusting the mutual demands existing between parties to a suit, in no wise, either directly or by implication, impairs the right of a plaintiff to discontinue his suit at any time before trial. According to the English practice, a plaintiff may discontinue his action as a matter of course, at any time before verdict or judgment on demurrer. 1 Salk. 178. Whenever a plaintiff finds he has misconceived his action, or from any other cause, he will not be able to maintain it, he may obtain a rule to discontinue. The judgment on the rule is never, it is true, entered, until the costs are paid; for until paid,

the action is not discontinued. 2 Arch. Prac. 233. Our rules are but little at variance with those recognized by the English Courts. By the 13th rule, a plaintiff may become non-suit, at any time before the jury retire. By the 14th rule, he may at any time discontinue his cause in the Clerk's office, by paying costs and entering a written discontinuance. The rules adopted by this Court, are not in conflict with any statute of the State, but made in conformity with the law. Whenever an order is entered in the Clerk's office to discontinue an action, it is of no effect, unless the costs are paid. But it is° in the power of the Court to relax the rule. Cases may occur, as under the English practice, in which, upon a special affidavit and motion, the plaintiff may obtain leave to discontinue, without paying costs, as where a plea of infancy was interposed by defendant, in bar of a recovery for goods sold him. 2 Arch. 898 ; Van Buren *et al.* vs. Fort *et al.*, 4 Wend. R., 209.

In this case, the judgment of the Court in allowing a discontinuance, is absolute, and the presumption is, the costs of the suit were paid. If they are not, or if the order of the Court had been conditional, on the payment of costs, the only remedy of the defendant would be by motion in the Court below to set aside the discontinuance, on the refusal of the plaintiff to comply with the terms of the order or the rule of Court.

The supposed hardship which might result from the defendant's set-off being barred by the statute of limitations, in the event of the plaintiff discontinuing his suit, cannot affect the plaintiff's rights. To plead the set-off is a right conferred by statute which the defendant may or may not avail himself of, at his election. And when plead, the defendant may withdraw his set-off at any time before the jury retire. It is very obvious, that to deny a plaintiff the right to discontinue his action, by reason of a set-off being

plead, would, in effect, be to rescind the rule and destroy the right altogether, for in any case, it would be in the 'power of a defendant, by pleading a set-off, whether real or fictitious, to force the plaintiff to a trial.

The case of Branham vs. the Adm'rx. of Brown, 1 Bailey's S. C. Rep., 362, was in every respect, similar to the one before us. It was an action of assumpsit, the defence to which was a discount exceeding the plaintiff's demand. On the trial when the evidence had closed, the plaintiff moved for leave to discontinue, which, on being objected to, was refused by the Court, and the case was submitted to the jury, who found for the defendant. Upon a review of this case, the Court, by Nott, J., in deciding the motion to set aside the verdict, said, the plaintiff had the right to discontinue his action, or suffer a non-suit, notwithstanding the defendant may have filed his discount. The Court should have allowed the plaintiff to discontinue, and he is entitled to do so now, if he desires it. The same rule is recognized as to the defendant's right to withdraw his discount. Vide Dorr vs. Hawks, 3 McCord's Rep., 258.

Let the judgment of the Court below be affirmed.