112 So.2d 390 (1959)
Eleanor WELGOSS, Appellant,
v.
Henry END, Appellee.
No. 58-741.
District Court of Appeal of Florida. Third District.
June 4, 1959.
Rehearing Denied June 17, 1959.
Ben Cohen and Montague Rosenberg, Miami Beach, for appellant.
John B. Orr, Jr., and Lawrence L. Lazar, Miami Beach, for appellee.
HORTON, Judge.
This chancery action was filed on June 3, 1958. On August 6th, the chancellor entered an order setting the cause for trial before a jury during the week of September 29. Due to circumstances not disclosed in the record, the trial was re-set for October 9th. During the afternoon of October 8th, plaintiff wired her counsel from Beverly Hills, California, notifying him that she was ill and requesting a 90-day continuance. Before the impaneling of a jury, plaintiff's counsel requested a voluntary non-suit and defendant moved for dismissal with prejudice. The chancellor denied the former and granted the latter, whereupon the plaintiff appealed.
Although a jury trial was authorized in this chancery action, the provisions of § 54.09, Fla. Stat., F.S.A., relative *391 to the right of a plaintiff to take a non-suit before the jury retires, have been applied generally in law actions. However, assuming the provisions of § 54.09, supra, could apply to these proceedings, the appellant does not come within the provisions thereof for the reason that the cause was not "on trial".
A plaintiff in a chancery proceeding does not have an absolute right to a dismissal of his action after the filing of the defendant's answer or motion for summary judgment, whichever comes first. Rule 1.35(a) (1) (i), Florida Rules of Civil Procedure, 30 F.S.A. We have carefully reviewed the record in this cause and fail to find wherein the chancellor abused his discretion in dismissing the cause with prejudice. See 10 Fla.Jur., Dismissal, etc., § 9.
Accordingly, the order appealed from is affirmed.
CARROLL, CHAS., C.J., and PEARSON, J., concur.