PER CURIAM.
The attached amendments and revisions of the Florida Rules of Civil Procedure are hereby approved and adopted, the same to become effective July 1, 1962. All rules, parts of rules, statutes or parts of statutes inconsistent with the amendments hereby approved and adopted are hereby repealed.
ROBERTS, C. J., and TERRELL, TLIOMAS, DREW, THORNAL, O’CON-NELL and CALDWELL, JJ., concur.
Paragraph (a) of Rule 1.7 is amended to read as follows:
(a) Pleadings. There shall be a complaint and an answer; and there shall be a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim. No other pleading shall be allowed, except that the court may order a reply to an answer.
Paragraph (e) of Rule 1.7 is deleted and the following is substituted:
(e) Motion in Lieu of Scire Eacias. Any relief available by scire facias is grantable on motion after notice without the issuance of a writ of scire facias.
The Title to Rule 1.7 is amended to read:
RULE 1.7. PLEADINGS; MOTIONS.
RULE 1.20 is amended to read as follows :
RULE 1.20. CONSOLIDATION; SEPARATE TRIALS.
(a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.
(b) Separate Trials. The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, or issues.
Subdivisions (a) and (b) of Rule 1.35 are amended to read as follows:
(a) Voluntary Dismissal; Effect thereof.
(1) By Plaintiff; By Stipulation. Subject to provisions hereof, except in actions in replevin or proceedings wherein property has been seized or is in the custody of the court, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment or decree, whichever first occurs, or (ii) by filing stipulation of dismissal signed by all parties who have appeared in the action.
Without Prejudice, When. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of this state an action based on or including the same claim.
(2) By order of Court; if Counterclaim. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff’s instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been served by a defendant prior to the service upon him of the plaintiff’s motion to dismiss, the action shall not be dismissed against defendant’s objections unless the counterclaim can remain pending for independent adjudication by the court.
*130 Without Prejudice. Unless otherwise specified in the order, a dismissal under the foregoing paragraph is without prejudice.
(b) Involuntary Dismissal. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.
After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. In an action tried by the court without a jury the court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence.
With Prejudice. Unless the court in its order for dismissal otherwise specifies, a dismissal under the foregoing paragraph, other than a dismissal for lack of jurisdiction, for improper venue or for the lack of an indispensable party, operates as an adjudication upon the merits.
RULE 1.32. WITNESSES, EXPERT, DEPOSITIONS.
(1) The term “expert witness” as used herein applies exclusively to a person duly and regularly engaged in the practice of his profession, who holds a professional degree from a university or college and has had special professional training and experience, or one possessed of special knowledge or skill in respect of the subject upon which he is called to testify.
(2) The testimony of any expert or skilled witness may be taken at any time before the trial of any civil cause in any of the courts of this state, in equity or at common law, upon reasonable notice, in the manner now provided for taking depositions under Rule 1.21 or Rule 1.22, notwithstanding the residence of the witness. Provided, however, that the court may, upon proper objection by opposing counsel, pursuant to due notice, disallow the taking of such deposition, and require the attendance of such witness in person at the trial of the cause, if the court finds that the personal appearance of such witness at the trial shall be necessary to insure a fair and impartial trial. Such objection shall be made to the court prior to the taking of the deposition, otherwise the same may be used in evidence, if otherwise admissible.
(3) An expert or skilled witness, whose deposition is taken, shall be allowed a witness fee, in such reasonable amount as the trial judge may determine, and the same shall be taxed as costs.
(4) Nothing herein contained shall prevent the taking of any deposition as otherwise provided by law.
RULE 1.38 is amended to read as follows :
RULE 1.38. RELIEF FROM JUDGMENT, DECREES OR ORDERS.
(a) Clerical Mistakes. Clerical mistakes in judgments, decrees, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the record on appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.
(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore *131 denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment or decree is void; (5) the judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after judgment, decree, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or decree or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order, or proceeding, or to set aside a judgment or decree for fraud upon the court.
Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature, of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment or decree shall be by motion as prescribed in these rules or by an independent action.'
RULE 2.6 is amended by deleting paragraph (d) which is paragraph (f) of Rule 2.8 as hereby amended.
RULE 2.8 is amended to read as follows :
RULE 2.8. MOTIONS FOR NEW TRIALS; REHEARING; AMENDMENTS OF JUDGMENTS.
(a) Jury and Non-Jury Cases. A new trial may be granted to all or any of the parties and on all or a part of the issues. On a motion for a rehearing of a summary judgment or of matters heard without a jury, the court may open the judgment if one has been entered, take additional testimony and enter a new judgment.
(b) Time for Motion. A motion for a new trial, or a motion for rehearing in matters heard without a jury or rehearing of any motion for judgment provided for by these rules, shall be served not later than 10 days after the rendition of verdict or the entry of a summary judgment.
(c) Time for Serving Affidavits. When a motion for a new trial is based upon affidavits they shall be served with the motion. The opposing party has 10 days after such service within which to serve opposing affidavits, which period may be extended for an additional period not exceeding 20 days either by the court for good cause shown or by the parties by written stipulation. The court may permit reply affidavits.
(d) On Initiative of Court. Not later than 10 days after entry of judgment, or within the time of ruling on a timely motion for a rehearing of non-jury matters or a timely motion for a new trial made by a party in actions tried by a jury, the court of its own initiative may order a rehearing or a new trial for any reason for which it might have granted a rehearing or a new trial on motion of a party.
(e) When Motion for Unnecessary; Non-Jury Case. Where an action has been tried by the court without a jury, the sufficiency of the evidence to support the judgment may be raised on appeal by an assignment of error whether or not the party raising the question has made any objection thereto in the trial court, or made a motion for rehearing, new trial or to alter or amend the judgment.
(f) Order Granting to Specify Grounds. In actions tried by a jury every order granting a new trial shall specify the particular and specific grounds therefor.
(g) Motion to Alter or Amend a Judgment. A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment, except that this rule does not affect the remedies defined in Rule 1.38(b).
RULE 3.8 eliminated.
RULE 3.13 relating to “Time for Taking Testimony” is abolished and the following rule is substituted:
*132 RULE 3.13 INTERPLEADER.
Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claim of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another, or that the plaintiff avers that he is not liable in whole or in part to any or all of the claimants. A defendant exposed to similar liability may obtain such interpleader by way of cross-claim or counterclaim. The provisions of this rule supplement and do not in any way limit the joinder of parties otherwise permitted.
Effective 1 July 1962.