WHITE, Judge.
This is an interlocutory appeal by Leland M. Ruis, one of the defendants in an action for damages by Thomas G. Hallo-way arising from the coincident collision of four automobiles on January 20, 1960. One of the appellees is plaintiff Thomas G. Halloway. The other appellees are defendants Milton Powell, C. Wilson Construction Company, James Latimer and Eddie Wright who, together with appellant-defendant Ruis, comprise all the five defendants sued by reason of their ownership or operation of the automobiles other than that of the plaintiff. A somewhat complex situation was developed by counterclaims, *746 crossclaims and pre-trial “nonsuit” as to certain of the claims pleaded by the parties.
The defendant Ruis answered the complaint and defendants Powell and C. Wilson Construction Company answered separately. Defendants Latimer and Wright answered the complaint and also counterclaimed and crossclaimed. Plaintiff Hallo-way answered the-counterclaims of defendants Wright and Latimer. The defendant Ruis answered the crossclaims as did also defendants Powell and C. Wilson Construction Company.
At pre-trial conference on November 17, 1961 the court authorized plaintiff Hallo-way to nonsuit defendants Wright and Latimer and the latter in turn were permitted to nonsuit plaintiff Halloway. The remaining claims were severed for purposes of trial. Defendant Ruis, being dissatisfied with this procedure, contends on appeal that the trial court by proceeding not “on trial” erroneously granted the non-suits as to plaintiff Halloway as counter-defendant and as to Wright and Latimer as defendants. It is urged that by such action the court in effect divested itself of jurisdiction of all the parties and the entire case including the original complaint and all the counterclaims and crossclaims. Ap-pellee-defendants Powell and C. Wilson Construction Company support this contention on the ground that nonsuit cannot be taken except “on trial,” citing Welgoss v. End, Fla.App.1959, 112 So.2d 390. They contend that the trial court’s ruling must be construed as an attempted part dismissal under Rule 1.35 F.R.C.P., 30 F.S.A. They insist, however, that the part dismissal was ineffectual since Rule 1.35 pertains to dismissal of entire actions rather than to an individual party, citing Shannon v. McBride, Fla.App.1958, 105 So.2d 16.
A serious question would be posed if it were not for the fact that the present litigation does not involve a strictly joint cause of action and that under the provisions of another .rule, namely Rule 1.18, F.R.C.P.[1] parties may be dropped or added by the court on motion of any party or on the court’s own initiative at any stage of the action and on such just terms as the court may prescribe. Rule 1.18 further provides that any claim against a party may be severed and proceeded with separately. Although the dropping of parties and causes under Rule 1.18 would not be pursuant to “nonsuit,” the effect would be the same except where it is attempted to drop one party whose liability with one or more others would be strictly joint. In the latter event, of course, the elimination of one party would necessitate the release of the others.
The present case does not involve a part dismissal, voluntary or involuntary, of a cause of action which is essentially joint. Although the action is against several defendants, the dismissal of one does not discharge the others. This applies also to the crossclaims. In this connection, after referring to Florida Statutes § 54.09 F.S.Ai pertaining to nonsuit, we shall examine some of the decisions cited by counsel.
“§ 54.09 — -No plaintiff shall take a non-suit on trial unless he do so before the jury retire from the bar.” (emphasis added)
Welgoss v. End, supra, was a chancery cause in which the chancellor ordered the trial of an issue out of chancery before a jury. Before the impaneling of a jury plaintiff’s counsel requested a voluntary nonsuit and defendant moved for dismissal with prejudice. The chancellor denied nonsuit but granted the defendant’s motion for dismissal with prejudice, which was affirmed on appeal. The import of this decision is simply that nonsuit, as such, *747 must be taken within the framework of the trial and before the jury retires from the bar.
In Osborne v. Shell Oil Co., Fla.App.1958, 104 So.2d 670, the plaintiff charged two defendants with the conversion of certain filling station equipment. The action was, in form, joint. The parties severally moved for summary judgment. Summary judgment was granted as to one defendant who was dismissed from the suit. The trial court thereafter granted the remaining defendant’s motion to dismiss on the ground that the involuntary dismissal of one joint defendant operated to discharge the other joint defendant against whom liability had been asserted in the complaint. Reversing the order dismissing the complaint, the First District Court of Appeal noted in passing that when an involuntary dismissal occurs in a joint tort action it carries all the parties and the entire action out of court. The court observed, however, that if the remaining defendant was the only party to be charged with the conversion, as in that case, the motion should have been treated as a motion for compulsory amendment available under Rule 1.15(e) F.R.C.P. rather than as a motion to dismiss. It is notable in that case that the liability, if any, of the released defendant was not necessarily joint with that of the .remaining defendant.
We stress again that this was not a suit against joint tort-feasors acting in concert. The action was brought against several defendants where the dismissal of one would not discharge the others, especially where the appellant sought no affirmative relief. Although the plaintiff moved as in nonsuit and the trial judge, at pre-trial conference, entered his order thereon dismissing the complaint and counterclaim as to some of the parties but not as to all, no reversible error was committed. Even though the trial judge granted dismissal of the parties on the apparent premise of nonsuit, such order was tantamount to action authorized by Rule 1.18 F.R.C.P., supra. Under that Rule, as stated, parties may be added or dropped by order of the court on motion of any party or on its own initiative at any stage of the action and on just terms, and the actions-may proceed separately.
We hold, therefore, that where the end result of the court’s action was answer to prayer under Rule 1.18 F.R.C.P., the order will be upheld even though the terminology employed was inept. The motions for voluntary nonsuit are treáted as motions pursuant to Rule 1.18 by which the court could properly enter the order appealed.
Affirmed.
SHANNON, C. J., and SMITH, J., concur.

. Rule 1.18 JT.R.C.P. “Misjoinder of parties shall not be ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as arc just. Any claim against a party may be severed and' proceeded with separately.”