167 So.2d 104 (1964)
FLORIDA EAST COAST RAILWAY COMPANY, a corporation, Appellant,
v.
Rodman G. LEWIS, Appellee.
No. F-59.
District Court of Appeal of Florida. First District.
June 16, 1964.
Rehearing Denied September 21, 1964.
*105 Bolles, Prunty, Martin & Goodwin, Miami, and Samuel Kassewitz, Jacksonville, for appellant.
Walter G. Arnold, Jacksonville, for appellee.
WIGGINTON, Judge.
Appellee brought suit under the Federal Employers' Liability Act[1] for damages arising from personal injuries proximately caused by the negligence of appellant. After trial the jury rendered a verdict in favor of appellee upon which final judgment was entered. It is from that judgment that this appeal is taken.
By its brief appellant has presented four points on which it relies for reversal of the judgment appealed. We have carefully considered the record, the briefs and argument of counsel, but find all points save one to be without substantial merit. In view of the novelty of the question presented, we deem it appropriate to discuss one of the points urged by appellant as ground for relief.
This case was tried twice to a jury in the Circuit Court of Duval County. On the first trial counsel for appellant asked appellee certain questions on cross-examination to which counsel for appellee objected. The testimony sought to be elicited concerned a pension which appellee was allegedly receiving from appellant railroad company. Upon conclusion of counsel's argument on the objection, the trial judge ruled that he was going to permit appellee to answer the question of whether he received a pension, but would not permit any questions with regard to the amount of the pension. In view of the court's ruling counsel for appellee announced that such evidence was so highly prejudicial to appellee's case he saw nothing else he could do but take a nonsuit. Upon inquiry by the court as to whether it was his decision to take a nonsuit, counsel for appellee replied in the affirmative whereupon the jury was recalled from the jury room, discharged, and a judgment of voluntary nonsuit was rendered at the cost of appellee.
Suit was subsequently reinstituted by appellee in which appellant interposed the defense of res judicata on the theory that the judgment of nonsuit rendered by the court which concluded the first trial was an adjudication on the merits which precluded appellee from maintaining a second suit between the same parties based upon the same cause of action. Upon motion of appellee the defense of res judicata pleaded by appellant was stricken. The court's action in striking this defense is assigned as error and constitutes one of the four points on appeal presented by appellant for our consideration.
Briefly stated, it is appellant's position that the procedure under which a plaintiff *106 is permitted as a matter of right to take either a voluntary or involuntary nonsuit was abolished by the Supreme Court of Florida on September 30, 1962, when it amended then existing Rule of Civil Procedure 1.35, 30 F.S.A. dealing with dismissal of actions. Appellant reasons that since there exists no basis in law for the order of nonsuit entered by the trial court pursuant to motion of appellee during the first trial of this case, that the order of nonsuit should be construed as a dismissal of the action with prejudice which precludes appellee from subsequently instituting and maintaining a second suit based upon the same cause of action between the same parties. Appellant contends that upon the foregoing theory its defense of res judicata was well taken and the trial court erred in striking it from its answer.
The right of a plaintiff in an action at law to take a nonsuit was recognized at common law and was adopted as an accepted form of procedure at the time Florida became a state. The nonsuit procedure is basically a rule of procedure[2] and should not be misinterpreted as a principle of substantive law or jurisdiction. This procedure permits a plaintiff, as a matter of right, to discontinue, dismiss or nonsuit his action at any time after the trial commences and before the jury retires.[3]
A judgment of nonsuit is without prejudice to the right of plaintiff to again bring suit on the same cause of action against the same parties.
In 1949 the Florida Bar submitted to our Supreme Court and urged adoption of a code of practice and procedure modeled after the rules of procedure then effective in the federal courts of our country. The primary purpose of these rules was to abandon common law forms of pleading and procedure, and to substitute in their place a new type of procedure designed to better facilitate the disposition of litigation and assure a more just result. Among the rules proposed by the Bar for adoption was one identified as Common Law Rule 35 relating to dismissals of actions. This rule was an exact copy of Federal Rule of Civil Procedure 41 relating to the same subject. This rule outlines the procedure to be followed in the voluntary and involuntary dismissal of actions. Subparagraph (a) dealing with voluntary dismissal of actions provides that after answer, motion for summary judgment or decree has been filed, the plaintiff may not voluntarily dismiss his action in the absence of a stipulation except upon order of the court and upon such terms and conditions as the court deems proper. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice to the right of the plaintiff to again bring the suit if he so desires. Subparagraph (b) of the rule dealing with involuntary dismissal provides that the action may be dismissed upon motion of the defendant for failure of the plaintiff to prosecute or comply with the rules or any order of the court, or on the ground that upon the facts and the law plaintiff has shown no right to relief. Unless the court in its order of involuntary dismissal otherwise specifies, a dismissal under this paragraph, with certain stated exceptions, operates as an adjudication upon the merits, and is with prejudice.
In considering the proposal submitted by the Bar, it was recognized by the Supreme Court that the effect of Common Law Rule 35 was to abolish the nonsuit procedure which had for so long been a part of the procedural law of this state. As was its right, the Supreme Court decided that it would be unwise at that time to abolish the nonsuit procedure. As a result of this decision the rule as submitted by the Bar was amended in subparagraph (b) thereof relating to involuntary dismissal of actions by *107 adding the provision that nothing in the rule should preclude a nonsuit from being taken pursuant to any applicable statute.[4] This proviso was ingrafted upon the rule even though its effect was to render nugatory in certain material respects the involuntary dismissal provision of the rule.[5] Common Law Rule 35 was subsequently codified in 1954 as Rule 1.35 of the Florida Rules of Civil Procedure, and has since been carried forward in the various revisions of our rules as a permanent rule of practice. It was in recognition of the anomaly created by the ingraftment of the above-mentioned proviso onto that provision of the rule relating to involuntary dismissals that the Supreme Court, in September 1962, amended the rule by eliminating the exception relating to nonsuits.
In the recent case of Dobson v. Crews[6] this Court was called upon to decide whether the amendment by the Supreme Court in 1962 of Rule 1.35 of the 1954 Rules of Civil Procedure relating to dismissals of actions, which eliminated therefrom the provision relating to nonsuits, had the practical effect of abolishing nonsuit procedure in Florida. In an able opinion authored by Associate Judge Mason, the history of nonsuits as a part of the procedural law of Florida was discussed in detail. There, as in the case sub judice, we were concerned solely with a voluntary nonsuit taken by a plaintiff during the trial of his action. In Dobson we confined our decision to a determination of whether voluntary nonsuits have been abolished in Florida and the right of a plaintiff to a voluntary dismissal is governed solely by the provisions of Rule 1.35, 1954 Rules of Civil Procedure as revised on September 30, 1962. In Dobson we concluded that the nonsuit procedure which permits a plaintiff to discontinue and dismiss his action as a matter of right without prejudice and without the necessity of securing permission of the court was in direct conflict with the provision of Rule 1.35(a) which, in the absence of stipulation, precludes a plaintiff from voluntarily dismissing, discontinuing or nonsuiting his action as a matter of right after answer or motion for summary judgment or decree, and requires that this be done only upon order of the court and upon such terms and conditions as the court deems proper.[7] Having reached this conclusion it was held that the common law procedure of *108 voluntary nonsuits was abolished in this state upon the adoption of Rule 1.35 relating to voluntary dismissal of actions. This holding is in conformity with the Supreme Court's opinion of June 20, 1962, which provides that its rules of procedure shall supersede all conflicting rules and statutes.[8] On the authority of Dobson we must hold that on the first trial of the case we now review appellee had no lawful right to an order of voluntary nonsuit, and the trial court erred in entering the order of nonsuit. This conclusion, however, is not dispositive of the question presented for decision.
From the record before us it appears that when on the first trial of this case plaintiff moved for an order of voluntary nonsuit, appellant made no objection or reply thereto. Furthermore, the record reveals no motion by appellant at that time for a judgment of dismissal on the merits with prejudice. This is the procedure which was followed in the Dobson case, supra. In Dobson, appellee Crews moved for a voluntary nonsuit after the trial began but before testimony was taken. Appellant Dobson not only objected to the motion on the ground that such procedure had been abolished and was no longer a rule of practice in this state, but at the same time moved the court for an order dismissing the case with prejudice because of appellee's failure or refusal to further prosecute his action. In Dobson we held that the court erred in overruling appellant's objection, denying his motion, and entering an order of nonsuit for appellee.
In the case we now review it seems quite apparent that during the first trial of this case appellee's counsel was of the opinion that he was entitled to take a voluntary nonsuit as a matter of right at the time he moved the court therefor, and the trial judge was likewise of the same opinion. If appellant then entertained any contrary view or conviction with respect to the status of the law regarding appellee's right to take a voluntary nonsuit, he remained completely silent during the proceedings which culminated in the order of nonsuit. In fairness to all parties concerned it must be noted that this entire proceeding took place long prior to the rendition of this Court's opinion in the Dobson case, supra. Although the trial court erred in granting appellee's motion for an order of voluntary nonsuit, the error was one of procedure and not one of substance or jurisdiction. Appellant's failure to object at that time to appellee's motion for a nonsuit, and its failure to move for an order dismissing the action with prejudice because of appellee's failure to prosecute his action to a conclusion, deprived the trial court of an opportunity to rule in appellant's favor on such objection or motion. If such objection or motion had been urged by appellant and sustained by the court, appellee would have had the privilege of proceeding with the trial rather than submit to an involuntary dismissal of his action with prejudice. By appellant's silence and failure to object, appellee was deprived of an option to proceed with the trial despite such attendant risk as may have been inherent in the prejudicial testimony to which he objected. *109 Had appellant objected to the entry of an order of voluntary nonsuit and been overruled, or had appellant moved the court for an order dismissing the action with prejudice for failure of plaintiff to prosecute and been denied, his proper recourse would have been to have appealed the judgment and sought reversal thereof as was done in Dobson. By sitting silently by and failing to object to the order of voluntary nonsuit during the first trial of this case, and by having failed to move the court for an order dismissing the action with prejudice when appellee announced his election to discontinue his action because of the court's unfavorable ruling on the evidence, and by having failed to appeal the judgment of voluntary nonsuit after its entry by the trial court, appellant waived and is now estopped to assert the error committed by the trial court, or to insist that the order of nonsuit be construed as a dismissal of the action on the merits thereby precluding the maintenance of this action under the doctrine of res judicata.
It is our conclusion and we so hold that the trial court did not err in striking appellant's defense of res judicata interposed to the complaint filed in this cause. The judgment appealed is accordingly affirmed.
RAWLS, J., concurs.
STURGIS, C.J., concurs specially.
STURGIS, Chief Judge (concurring specially).
I agree to affirmance but not upon the theory of estoppel. It is my view that although the transactions on which the plea of res judicata rests were erroneously clothed with an aura of the nonsuit procedure available prior to rule 1.35 F.R.Civ. P., 30 F.S.A., the presiding judge and all parties to the suit were fully aware of the fact that the plaintiff-appellee expected an opportunity to again present the claim for determination by the court and that it was not the purpose of the court to prejudice plaintiff in that particular. Under these circumstances and assuming that all concerned were not familiar with amended rule 1.35 and that such accounts for the colloquy concerning nonsuit, it is my opinion that the sum of the colloquy is that the court invited the plaintiff to take a voluntary dismissal of the suit without prejudice, as is permissible under the rule, that this was done notwithstanding the semantics, and that the appellant has not demonstrated an abuse of discretion in the premises.
I do not think that fundamental procedural error brought about by the affirmative acts of a party litigant should ever cast on his adversary the burden of formally objecting at the time in order to avoid an implied waiver or estoppel.
NOTES
[1] Title 45 U.S.C.A. §§ 51-60.
[2] National Broadway Bank of City of New York v. Lesley, 31 Fla. 56, 12 So. 525; Buffington v. Quackenboss, 5 Fla. 196 (1853).
[3] F.S. Sec. 54.09, F.S.A.
[4] "Involuntary Dismissal; Effect Thereof. For failure of the plaintiff to comply with any order of court, a defendant may move for dismissal of any action or of any claim against him. After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision, and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, shall operate as an adjudication upon the merits; except, however, that nothing stated herein shall preclude a non-suit from being taken pursuant to any applicable statute." Rule 1.35(b) Florida Rules of Civil Procedure.
[5] Crews et ux. v. Woods et al., (Fla. 1952) 59 So.2d 526.
[6] Dobson v. Crews et al., (Fla.App. 1964) 164 So.2d 252.
[7] "RULE 1.35. DISMISSAL OF ACTIONS

"(a) Voluntary Dismissal; Effect thereof.
"(1) By Plaintiff; By Stipulation. Subject to provisions hereof, except in actions in replevin or proceedings wherein property has been seized or is in the custody of the court, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment or decree, whichever first occurs, or (ii) by filing stipulation of dismissal signed by all parties who have appeared in the action.
"Without Prejudice, When. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of this state an action based on or including the same claim.
"(2) By Order of Court; If Counterterclaim. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been served by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against defendant's objections unless the counterclaim can remain pending for independent adjudication by the court.
"Without Prejudice. Unless otherwise specified in the order, a dismissal under the foregoing paragraph is without prejudice." 1954 Rules of Civil Procedure.
[8] In re Florida Rules of Civil Procedure, (Fla. 1962) 139 So.2d 129  See also F.S. § 25.371, F.S.A.