TILLMAN PEARSON, Judge.
The plaintiff appeals a final judgment entered on the pleadings. Plaintiff filed a suit, together with one Duke J. Bradley, on September 1, 1961, against the appellee. It developed that the appellant and Bradley were not married. Thereupon appellant and the other plaintiff, who was not her husband, filed a motion to permit filing *239 an amended complaint by Duke J. Bradley in his own behalf and for severance of the cause of action of plaintiff Lucy Bradley. This motion was granted and an order entered which provided in part:
“(b) That the plaintiff, LUCY BRADLEY, a/k/a Lucy Rowe, is hereby ordered to sever her action in the above-entitled cause from the cause o'f action of Duke J. Bradley in that it has been made to appear that the plaintiffs herein during the pendency of this action are not husband and wife and the said LUCY BRADLEY, a/k/a Lucy Rowe, is permitted to file an original complaint in a separate action with leave to apply at á future date for consolidation of the said two actions for trial purposes; ”
Thereafter, Lucy filed her own complaint and the action was consolidated for trial with the action of her putative husband. At trial Lucy decided that her complaint was prejudiced by being tried with that of Duke J. Bradley and took a voluntary non-suit.[1] She then filed a second independent action. Defendant, appellee, interposed a motion for a judgment on the pleadings upon the ground:
“It affirmatively appears in the records of this Court and from the pleadings in this cause that the Plaintiff, LUCY ROWE a/k/a LUCY BRADLEY, • has heretofore voluntarily dismissed her suit on two prior occasions and that she is therefore barred from maintaining any further action against this Defendant, said - dismissals being in causes No. 61L 3534 and No. 62L 932 in the Circuit Court of the 11th Judicial Circuit, in and for Dade County, Florida; the Defendant would further show unto the Court that the aforesaid causes were founded- upon and based upon the same cause of action as that herein asserted and were brought by the same Plaintiff against this same Defendant; that both said dismissals were voluntary on the part of the Plaintiff, LUCY ROWE a/k/a LUCY BRADLEY; and to permit her to continue the pending cause of action would be vexatious and harassing upon this Defendant.”
The motion for judgment on the pleadings included as exhibits, the orders in the prior actions. The order dismissing the first independent action was as follows:
“The above entitled cause having come before me on trial and during trial, Plaintiffs individually and severally having taken a voluntary non-suit in their claims against the Defendant, before open Court, said causes are hereby dismissed without prejudice and this Court retains jurisdiction for purpose of assessment of costs.”
The appellant and the appellee are agreed that the “Second Dismissal Rule” *240 does not apply to this case. See Rule 1.3S (a) (1) [2] of the Florida Rules of Civil Procedure, 30 F.S.A. This is true because the original dismissal of the joint suit was not voluntary in view of the fact that it was actually two causes of action improperly joined and the dismissal was accomplished pursuant to the court’s order. Cf., American Cyanamid Co. v. McGee, 317 F.2d 295 (5th Cir. 1963).
Appellant urges that the judgment appealed was the result of the misapplication of Florida Rule of Civil Procedure 1.35 (a) (1). Appellee urges that the judgment resulted from the application by the court of the principle that the trial court has, at any time, the right to dismiss a cause that appears to the court to be vexatious because it has previously been filed and voluntarily dismissed. We find no Florida case approving the exercise of such a power, but we need not inquire into its existence, because the judgment appealed must be reversed on the basis of the quoted order of dismissal of the first independent action.
 The court had previously granted an order of dismissal pursuant to the non-suit in the first independent action only on the condition that costs be paid. The plaintiff then was entitled to file the action again in the absence of a rule or statute to the contrary. ITaving so filed the second independent action it was not subject to dismissal upon the ground that the cause of action had been previously dismissed. This is true because the prior cause between the same parties was terminated by a final order providing that the dismissal was “without prejudice.” The only reasonable meaning of “without prejudice” in this circumstance was that a new complaint could be brought on the same cause of action. This determination, having been made between the parties, was not subject to a reversal by the trial judge upon the refiling of the cause of action.
Reversed and remanded.

. We are not here concerned with the propriety of the order on voluntary non-suit. But see Dobson v. Crews, Fla.App.1964, 164 So.2d 252, holding:
(1) “ * * * the statute (F.S. 54.09 F.S.A.) insofar as it permits the taking of a non-suit at the plaintiff’s instance after the answer is filed, or after motion for summary judgment is made without stipulation of all parties who have appeared in the action, and without an order of court first had, is inconsistent with Paragraph (a) of Rule 1.35, as devised in 1962; that it conflicts with such Rule, and is, therefore, to such extent, abrogated and superseded by the Rule. We further conclude that a voluntary non-suit or dismissal may be effected only by compliance with the provisions of Paragraph (a) of Rule 1.35 of the 1954 Rules of Civil Procedure, 1962 Revision. * * *
* # * # *
(2) “ * * * We hold that he [the court] erred in permitting the nonsuit to be taken under the circumstances reflected in this record, and that he should have dismissed the action with prejudice. The plaintiffs below gave no reason for the nonsuit and they should have been required to proceed with the trial in the absence of a showing why they should not so proceed. * * * ”

. “Rule 1.35 DISMISSAL OB’ ACTIONS,
“(a) Voluntary Dismissal; Effect thereof.
“(1) By Plaintiff; By Stipulation. Subject to provisions hereof, except in actions in replevin or proceedings wherein property has been seized or is in the custody of the court, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an' answer or of a motion for summary judgment or decree, which ever first occurs, or (n) by filing stipulation of dismissal signed by all parties who have appeared in the action.
“Without Prejudice, When. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of this state an action based on or including the same claim.”