WHITE, Judge
(dissenting).
The petitioners, defendants below, seek review by certiorari of an order striking their fourth defense to plaintiffs’ complaint in a negligence action. By said defense the defendants pl&aded res judicata in that on 8 October 1962, in a previous case involving the same parties and issues, “the case was called for trial and the plaintiffs moved for a continuance, which continuance was denied, and thereupon announced to the court that the plaintiffs would ‘take a non-suit,’ and thereupon the trial of the case was discontinued; that * * * the *334 failure of the plaintiffs to proceed with the trial of the case when it was called for trial, and the subsequent dismissal by the court of said case, constituted a dismissal with prejudice for failure of the plaintiffs to prosecute the action.”
When the previous case was called for trial on 8 October 1962 it appeared that a witness for the plaintiffs was unavailable, and after denial of the motion for continuance plaintiffs took a “voluntary”[1] nonsuit which was confirmed ore tenus by the trial court. Thereafter the date for trial of the present case, which is essentially identical with the previous case, was set for 18 November 1963. At pretrial conference for this trial the defendants argued that the right to voluntary non-suit in Florida was abolished by amended Rule 1.35(b), Rules of Civil Procedure, 30 F.S.A.,[2] which the defendants contended had the effect of making plaintiffs’ previous nonsuit equivalent to a dismissal with prejudice. This contention, specifically pleaded in the defendants’ fourth defense, was rejected by the trial court both in the pretrial order and in a special order striking the said defense. The defendants petitioned for certiorari.
The respondents urge that there is no right to review of orders granting nonsuits and that to permit such review by the avenue of certiorari would circumvent the rule prohibiting appeals in such instances. It is true that an order granting a voluntary nonsuit is not a final order and therefore not appealable.[3] This rule has persisted in Florida since 1869 when the Supreme Court observed that the situation “might be remedied by the court directing sua sponte a certiorari to bring up the judgment of nonsuit,”- — although certiorari was there deemed unnecessary.[4] Subsequently the legislature enacted § 59.05, Fla.Stat., F.S.A. which permits a plaintiff to appeal an order which prompts him to take an involuntary nonsuit, but there has been no relaxation of the rule which prohibits a defendant from appealing a voluntary nonsuit. See Greene v. American Trash Hauling Co., Inc., Fla.App.1963, 154 So.2d 726. It has also been held that a defendant may not obtain review of an order on nonsuit by resort to prohibition. State ex rel. Paluska v. White, Fla.App. 1964, 162 So.2d 697.
In the present case, the immediate matter sought to be reviewed is an order striking the defense of res judicata, which defense happened to be premised on the asserted finality of the alleged baseless and unauthorized nonsuit that discontinued plaintiffs’ case. Such order may be reviewed through -certiorari. See Hinchee v. Fisher, Fla.1957, 93 So.2d 351. The petitioners’- position is that the trial court’s earlier ruling on voluntary nonsuit was in effect a dismissal with prejudice. Accordingly they insist that the trial court was without jurisdiction to reset the case for trial, and I think this poses a question which is reviewable on certiorari — a discretionary writ which may issue to review orders at law in appropriate cases *335 as where it is asserted that the trial court acted in excess of its jurisdiction. E. g. Kauffman v. King, Fla.1956, 89 So.2d 24; cf. Enfinger v. Baxley, Fla. 1957, 96 So.2d 538. We recently granted the writ to review an interlocutory order at law where it appeared that the order sought to he reviewed was likely to result in substantial injustice, after considering, inter alia, the importance of the question, the probability that a verdict would have to be reversed, and the expense and inconvenience involved. See Leithauser v. Harrison, Fla.App.1964, 168 So.2d 95, Second District opinion filed 9 October 1964.
The Supreme Court also has reviewed quasi interlocutory orders at law where the petitioners alleged that the trial court failed to observe the essential requirements of law and justice and where the “circuitous route” would result in an impractical method of review. Tantillo v. Miliman, Fla.1956, 87 So.2d 413. The discretionary writ has also issued to review charges that the lower court’s procedure was “essentially irregular,” not according to the requirements of law and where no appeal or direct method of review existed. See First National Bank of Gainesville v. Gibbs, 1919, 78 Fla. 118, 82 So. 618; Caudell v. Leventis, Fla.1950, 43 So.2d 853, 855. Accordingly I think we should grant the writ and consider the important question on the merits.
As to the merits, we should note the often repeated pronouncement that at early common law a plaintiff had the absolute right to be nonsuited at any stage of the trial even after rendition of the verdict but that by statute of 2 Henry IV, Chapter 7, the right to nonsuit after verdict was eliminated. National Broadway Bank of City of New York v. Lesley, 1893, 31 Fla. 56, 58, 12 So. 525. This, absent effective change by rule of the Supreme Court, would indicate the current status of voluntary nonsuit in Florida[5] inasmuch as the legislature has not seen fit to abridge the common law right except to limit the time for its exercise to a period before the jury retire from the bar. [6]
It is unnecessary to burden this dissent with legal bibliography on the subject of nonsuit. Suffice it to reaffirm that it has long been accepted law in Florida that a plaintiff, within the defined limits, is entitled “as of right” to take a nonsuit. National Broadway Bank v. Lesley, supra; Buffington v. Quackenboss, 1853, 5 Fla. 196, 197-198. See also commentary in Vol. XIII U.Fla.L.Rev. 105. Thus nonsuit, being considered amenable to change only by statute prior to the 1954 R.C.P., has been held not subject to judicial discretion. Pitt v. Abrams, 1941, 103 Fla. 1022, 1024, 139 So. 152. A sole exception has been recognized in circumstances where the plaintiff clearly could not recover in any event, as where it affirmatively appeared that the action was barred by some absolute limitation. E. g. Crews v. Woods, Fla. 1952, 59 So.2d 526; Hartquist v. Tamiami Trail Tours, 1939, 139 Fla. 328, 190 So. 533.
As noted, the legislature has not materially abridged the right to voluntary nonsuit. Moreover the Supreme Court has not promulgated any rule expressly abolishing the right in the exercise of -its authority under Article V, Sec. 3, Florida Constitution, as amended, F.S.A., and as implemented by Sec. 25.371, Fla.Stat., F.S.A. So the real question here is whether or not amended Rule 1.35(b), R.C.P., effective 30 September 1962 and appertaining directly to involuntary dismissals, implicitly abrogated plaintiffs’ otherwise absolute right to *336 voluntary nonsuit,[7] The rule prior to its 1962 revision contained the following language at the end of the last paragraph under subhead (b) with reference to involuntary dismissals:
" * * * Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision, and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, shall operate as an adjudication upon the merits; except, however, that nothing stated herein shall preclude a non-suit from being taken pursuant to any applicable statute.” (emphasis added)
The 1962 revision deleted the above emphasized language, and nonsuit is not elsewhere mentioned in the rules. The defendants urge that this deletion abolished or foreclosed voluntary as well as involuntary nonsuit, notwithstanding the amendment was only in that division of the rule pertaining to involuntary dismissal. Although it could be argued that involuntary nonsuit for all intents and purposes has become a “dead cock in the pit,” we are now concerned only with the status of voluntary nonsuit under the aforesaid 1962 revision of Rule 1.35(b) and my opinion is so confined.
The law does not favor abolishment of established rights by implication. In instances where the Supreme Court of Florida has undertaken to rule out or modify particular procedures, the court has done so directly and unequivocally. See e. g. Rule I.38(b).[8] The petitioners argue that the present rules do not spell out the right to' nonsuit. This contention is of little persuasion. The original 1954 rules likewise failed to spell out the right to voluntary non-suit and yet its availability has remained unquestioned for a long decade. Cf. 10 Fla.Jur, Dismissal § 26.
It may be arguable that voluntary non-suit had already been extinguished because the old rule recognized its preservation only under the involuntary heading, but this overlooks the significant fact that our trial courts have consistently confirmed the right to take voluntary nonsuits long before the 1962 revision deleted the reference to involuntary nonsuit.[9] It would seem to be a fair conclusion, therefore, that the deletion in the rule pertaining to involuntary dismissal does not clearly and necessarily extend into the area of voluntary dismissal and through that avenue into the area of voluntary nonsuit. I do not find justification for such a pyramiding of implications in order to arrive at the rule construction sought by the petitioners, even though a rule amendment promulgated by the proper authority might well be indicated.
Petitioners take the position that voluntary nonsuit is so repugnant to Rule 1.35, R.C.P., as amended, that it is necessarily abolished by implication. See Section 25.371, Fla.Stat., F.S.A.,[10] and In re F.R.C.P. at 139 So.2d 129 [11] and at 142 So.2d *337 725.[12] There is, of course, a discordant note whenever a plaintiff takes a nonsuit on trial over the futile protest of a defendant who otherwise might urge and possibly obtain a dismissal with prejudice. However, considering the circumstances and the context of the amended rule, I am not persuaded that voluntary nonsuit is an anachronism which under no reasonable hypothesis can coexist with Rule 1.35, Florida Rules of Civil Procedure.
The 1962 Rules Revision affirms that all statutes not superseded remain in effect; and a pre-existing common law or statutory right will not be held abolished by implication unless it is irreconcilably repugnant to the new rule or provision. A statute will not change well-settled common law principles by implication unless clearly necessary to give full force to the statute. Dudley v. Harrison, McCready & Co., 1937, 127 Fla. 687, 173 So. 820, reh. den. 128 Fla. 338, 174 So. 729. The same construction should apply with respect to rules of court when a pre-existing right is at stake, whether the right be substantive or procedural.[13] Cf. State ex rel. Moodie v. Bryan, 1905, 50 Fla. 293, 39 So. 929; In re Levy’s Estate, Fla.App.1962, 141 So.2d 803, 805; Southern Attractions v. Grau, Fla. 1957, 93 So.2d 120; Clark v. State, Fla.App. 1959, 114 So.2d 197, 80 A.L.R.2d 261. Non-suit has been recognized as a distinct procedural right within the very rule pertaining to dismissals with which it is now argued to be fatally repugnant. See Rule 1.35(b) prior to amendment in 1962; cf. Cullen v. Seaboard Air Line Ry. Co., 1912, 63 Fla. 122, 58 So. 182.
The right to nonsuit can exist alongside amended Rule 1.35, R.C.P. pertaining to-dismissals. Case law and rules of court do not necessarily identify nonsuits with dismissals. They are treated separately. See Fla.Stat. § 54.09; § 59.05; § 59.44, F.S.A.; Rule 1.35, R.C.P., cf. 10 Fla.Jur. Dismissal etc. § 29. The right to nonsuit and the availability of dismissal comprehend distinct techniques which may be utilized for diverse purposes. This was recognized as far back as 1853. See Buffington v. Quackenboss, supra. Moreover discretionary voluntary dismissals may be taken at various stages, along the procedural panorama whereas a voluntary nonsuit may be taken as of right only “on trial.” Compare Rule 1.35, R.C.P. with § 54.09, Fla.Stat., F.S.A. as defined in recent cases.[14] Nonsuit, therefore, is more-akin to discontinuance than to dismissal. See 10 Fla.Jur. Dismissal, etc., §§ 2, 25 [15]
Since the filing of this petition nonsuit opinions have emanated from each District Court of Appeal. In Dobson v. Crews, Fla.App.1964, 164 So.2d 252, [see footnote 3, supra] the First District held that under the amended 1954 Rules of Civil Procedure a plaintiff is not entitled “as of right” to-take a voluntary nonsuit without prejudice. That court also rejected the argument that the 1962 deletion from Rule 1.35(b), R.C.P., *338 concerning “involuntary dismissals,” abolished all statutory nonsuits. However it went on to hold that § 54.09, Fla.Stat., F.S.A. is inconsistent with paragraph (a) of Rule 1.35, R.C.P. pertaining to voluntary dismissal:
“ * * * [W] e hold that the statute (F.S. 54.09 F.S.A.) insofar as it permits the taking of a nonsuit at the plaintiff’s instance after the answer is filed, or after motion for summary judgment is made without stipulation of all parties who have appeared in the action, and without an order of ■court first had, is inconsistent with Paragraph (a) of Rule 1.35, as revised in 1962; that it conflicts with such Rule, and is, therefore, to such extent, .abrogated and superseded by the Rule.”
Thereafter the Third District rendered its decision in Rowe v. Silver, Fla.App.1964, 166 So.2d 238. There the plaintiff took a voluntary nonsuit and the court dismissed the cause without prejudice. Despite the ■defendant’s contention that the case should have been dismissed with prejudice, that ■court stated that the appeal did not concern the propriety of the order, and went on to hold:
“The court had previously granted an order of dismissal pursuant to the non-suit in the first independent action only ■on the condition that costs be paid. The plaintiff then was entitled to file the action again in the absence of a rule or statute to the contrary. Having ■so filed the second independent action it was not subj ect to dismissal upon the ground that the cause of action had been previously dismissed. This is true because the prior cause between the same parties was terminated by a final order providing that the dismissal was ‘without prejudice.’ The only reasonable meaning of ‘without prejudice’ in this circumstance was that a new complaint could be brought on the same cause of action. This determination, having been made between the parties, was not subject to a reversal by the trial judge upon the refiling of the cause of action.” (emphasis added)
In Florida East Coast Ry. Co. v. Lewis, Fla.App.1964, 167 So.2d 104, opinion by Judge Wigginton filed 16 June 1964, the First District softened the apparent harshness of its Dobson decision by noting several distinctions; (1) At the first trial, defendant failed to object to plaintiff’s announcement of nonsuit and no motion was made for a dismissal with prejudice; (2) The entire proceeding took place prior to rendition of the Dobson decision and both counsel and the court were of the opinion that plaintiff was entitled to take a voluntary nonsuit as a matter of right; (3) The court’s error in granting voluntary non-suit was “one of procedure and not one of substance or jurisdiction.” In fairness to all concerned the court permitted the judgment to stand.
The special concurring opinion by Chief Judge Sturgis agreed to affirmance but not on the ground of estoppel. Fie noted that all concerned were not fully conversant with the ramifications of amended Rule 1.35; that the judge and all parties were aware that plaintiff fully expected further opportunity to present her claim; that the circumstances were tantamount to an invitation by the court to the plaintiff to take a voluntary dismissal without prejudice; and, that notwithstanding the semantics, there was no abuse of discretion or fundamental procedural error. Cf. Ruis v. Halloway, Fla.App.1962, 139 So.2d 745.
The Second District has recently denied certiorari to review an order granting a voluntary nonsuit. Florida East Coast Railway Co. v. Smith, Fla.App. 1964, 166 So.2d 233. See also footnote 3 with reference to recent appeals. Certiorari was also denied in Peaslee v. Michalski, Fla.App. 1964, 167 So.2d 242, Case No. 4955, filed 26 August 1964, on the ground that the defendants had an adequate remedy by appeal *339 after entry of a final judgment. The opinion, authored by Associate Judge Paul D. Barns, outlines the historical development of the absolute right to nonsuit and notes that, according to Blackstone, nonsuit “is only a default” and that plaintiff may thereafter “commence the same suit again * * * »
In the instant case the defendants obj ected to the nonsuit but did not specifically move for a dismissal with prejudice.[16] The court did not dismiss the case under the provision of Rule 1.35, R.C.P. but granted nonsuit after ruling that the right subsists— “there is a provision in the statute that governs.”[17] It may be observed in this connection that these proceedings took place long before Dobson v. Crews, supra, and Florida East Coast Railway Co. v. Lewis, supra, were decided.
Conceivably the instant order could stand approved as a dismissal without prejudice on one or more of the grounds specified by Judges Wigginton and Sturgis, respectively, in Florida East Coast Ry. Co. v. Lewis, supra. From that viewpoint a flat denial of certiorari might be regarded as having the same effect without specifically resolving the underlying question of whether or not voluntary nonsuit has been abolished by the rule. See e. g. Florida East Coast Ry. Co. v. Smith, Fla.App.1964, 166 So.2d 233. It is apparent, however, that the trial court’s ruling was premised on his understanding that plaintiffs’ nonsuit was a matter of right.
For the reasons stated, I think the case should be reviewed on certiorari and the nonsuit issue determined as herein set forth. I therefore dissent.

. “A nonsuit is of two kinds, voluntary and involuntary. * * * ” J. Schnarr & Co., et al. v. Virginia-Carolina Chemical Corp., 1935, 118 Fla. 258, 264, 159 So. 39, 41, wherein the distinctions are defined.

. Rule 1.35 is discussed later in this opinion.

. E.g. Florida East Coast Railroad Co. v. Smith, Fla.App.1964, 166 So.2d 233; Bennett v. Fratus, Fla.App.1964, 164 So.2d 827; Florida East Coast Railroad Co. v. Jones, Fla.App.1964, 166 So.2d 842, Second District opinion filed 26 August 1964; Ramsey v. Aronson, Fla.App.1958, 99 So.2d 643; State ex rel. Larkin v. Bird, 1941, 145 Fla. 477, 199 So. 758; cf. Craft v. Clarembeaux, Fla.App.1964, 162 So.2d 325. We note with interest however that the First District Court of Appeal has recently considered the merits of a similar case on appeal. See Dobson v. Crews, Fla. App.1964, 164 So.2d 252, followed by the same court in Florida East Coast Ry. Co. v. Lewis, Fla.App.1964, 167 So.2d 104.

. See Anderson v. Presbyterian Church, 1869, 13 Fla. 592, 593.

. Section 2.01, B’la.Stat., E.S.A. “The common and statute laws of England which are of a general and not a local nature, * * * down to the fourth day of July, 1776, are declared to be of force in this state; provided, the said statutes and common law he not inconsistent ivith the constitution and laws of the'United States and the acts of the legislature of this state.” (emphasis added)

. Section 54.09, Ela.Stat., E.S.A. “No plaintiff shall take a non-suit on trial unless he do so before the jury retire from the bar.”

. Incidentally, the order on review was entered only eight days after Rule 1.35 (b) was amended. At no time has Rule 1.35(0), pertaining to “voluntary dismissals” made any reference to nonsuit whatsoever.

. “Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished * * *.” Cf. North Shore Hospital v. Barber, Fla.1962, 143 So.2d 849 as to revival of common law upon repeal of a statute as noted in Evans v. Hydeman, Fla.App.1964, 168 So.2d 183.

. Nonsuits were not “superseded” by the 1954 Rules of Civil Procedure. See Commentary 30 P.S.A., page 712; 7 Pla. L.Rev. 125, 137.

. “When a rule is adopted by the supreme court concerning practice and procedure, and such rule conflicts with a statute, the rule supersedes the statutory provision.”

. “* * * All rules, parts of rules, statutes or parts of statutes inconsistent with the amendments hereby approved and adopted are hereby repealed.”

. “ * * * This compilation and revision shall supersede all conflicting rules and statutes. All statutes not superseded hereby or in eonfliot herewith shall remain in effect as rules promulgated by the Supreme Gourt.” (emphasis added)

. In Florida East Coast Railway Co. v. Lewis, Fla.App.1964, 167 So.2d 104, the First District held that nonsuit is procedural rather than substantive.

. Ruis v. Halloway, Fla.App.1962, 139 So.2d 745; Conner v. Wagner, Fla.App.1961, 135 So.2d 441; Welgoss v. End, Fla.App.1959, 112 So.2d 390 have held that nonsuit is no longer available to a party at pretrial conference or at any time prior to trial.

.For further distinctions between the terms “nonsuit,” “dismissal” and “discontinuance,” see 17 Am.Jur. Dismissal, etc. Section 2. A suit may be voluntarily terminated by the plaintiff by a discontinuance, nonsuit or by a retraxit and in the absence of a statute or rule of court the question is controlled wholly by the common law as modified by legal decisions. 27 C.J.S. Dismissal and Nonsuit. §§ 6, 7. See also 10 Fla.Jur. Dismissal, Discontinuance and Nonsuit; § 5 (Voluntary Dismissal); § 11 (Involuntary Dismissal) ; § 25 (Nonsuit); § 2 (Discontinuance) .

. MR. VARON: “Your Honor then the plaintiff will request to take a nonsuit.”
THE OOURT: “You will have to wait until the ease is called and you can do it at that time, you have a right to do that.”
MR. O’BRYAN: “So that we can have a clear record on that, I contend that there is no provision further for a non-suit * * *. If that is simply the situation, I want to be in a position to have the record so that we can go up on the record on res adjudicata.”

. THE COURT : “Is the plaintiff ready?”
MR. VARON: “The plaintiff is not ready your Honor in view of the fact we have made two requested postponements, the second having been made to the Court in writing, and with reference to Dr. Eixel, attending physician, he can’t be here today because of Jewish Holidays and we will take a voluntary non-suit.”
THE COURT: “The motion for non-suit granted.”
MR. O’BRYAN: “If the Court please so that this record could be clearer. If the right to nonsuit did not exist, and the rules did not permit it, would the Court be granting them in a right to dismiss?”
THE COURT: “I am not going to rule on a hypothetical situation. I am going to rule that they have a right to a nonsuit and if you wish to object you may and I will want the objection in writing.”
MR. O’BRYAN: “Yes, sir. I do strenuously object that there is no provision in the rules now for a voluntary nonsuit. I want it so this record can be clear on it.”
THE COURT: “I rule that there is a provision in the Statute that governs.” [See 10 Fla.Jur. Dismissal etc. § 26 in this regard]
*****
MR. O’BRYAN: “So that it can be clear the Court has taken the position that it has no discretion in the matter one way or another?”
THE COURT: “That is correct.”
MR. O’BRYAN: “My point to the Court was that the Court had a discretion to decide. I assume that the Court has already exercised that discretion in refusing to grant a continuance. So therefore the Court is not granting a dismissal without prejudice of the Court’s own ruling.”
THE COURT: “I am granting a motion for a nonsuit. I am not going to rule what I would do if I didn’t think he could nonsuit. That is a hypothetical' situation and I am not going to rule on it at this time.”